GEORGE E. HAYDEN, Respondent, v. THE FLORENCE SEWING MACHINE COMPANY, Appellant.

Plaintiff was dispossessed of certain premises leased by him under a warrant issued by a justice in summary proceedings; the adjudication of the justice upon which the warrant was issued was reversed by the Supreme Court upon certiorari. Upon the trial of an action brought by plaintiff to recover his damages for the removal, defendant offered to show upon what ground the adjudication of the justice was reversed, which offer was overruled. *Held*, no error; that the reversal restored the parties to the position occupied before the proceedings were instituted, entitling the plaintiff, however, by the express provisions of the statute (2 R. S., p. 516, § 49), to his action for damages; and that the ground of the reversal was entirely immaterial.

On said trial, by undisputed evidence, the damages to plaintiff's property were shown to be $4,645. Plaintiff testified, without objection, that he also lost a large amount by the breaking up of his business. The court charged that plaintiff was entitled to recover both the damage to property and to the business. Defendant excepted to the latter part of the charge. Plaintiff obtained a verdict for $8,695. The General Term reversed the judgment, unless plaintiff would stipulate to deduct so much as was "allowed for damages to plaintiff's business, to wit, the sum of $4,050." And in case he so stipulated, judgment as to residue affirmed. Plaintiff stipulated, and judgment of affirmance as to balance, to wit, for $4,645, was entered. On appeal therefrom by plaintiff, *held*, that the charge excepted to was error, but the error was corrected by the modification made by the General Term; and that the General Term had power so to modify. Judgment therefore affirmed.

(Argued March 17, 1873; decided June term, 1873.)

APPEAL from the judgment of the General Term of the Supreme Court in the first judicial department, affirming, as

modified, a judgment entered in favor of plaintiff upon a verdict.

This action was brought to recover damages for being dispossessed of certain premises in the city of New York.

In 1858, the Wheeler & Wilson Manufacturing Company became the lessees of the first floor and basement of the premises known as No. 505 Broadway, in the city of New York, for several years, ending May 1, 1867. The Manufacturing Company assigned their lease to Scott & Baldwin, May 1, 1864. Scott & Baldwin sublet the basement of the premises to Sisson & Clark for two years, from May 1, 1865, to May 1, 1867, and they took possession. Scott & Baldwin assigned their lease to the defendant in August, 1865, and Sisson & Clark assigned their lease to Walker, October thirteenth, and he assigned to the plaintiff, October 24, 1865, and the latter took possession of the basement.

On the 1st day of May, 1866, the defendant, claiming to be the landlord of the plaintiff, instituted summary proceedings before a justice of a District Court in New York, under the statute, for his removal, on the ground that he was holding over his term without its consent. The plaintiff appeared before the justice and filed a counter affidavit, denying the holding over, and alleging that his term did not expire until May 1, 1867. The issue thus formed was tried before the justice and a jury, and the trial resulted in a verdict against the plaintiff in this action, and the justice thereupon issued his warrant for his removal. Under this warrant the plaintiff was dispossessed and his property was removed from the premises, under the direction of the defendant, in such a manner as to injure and destroy much of the same. The plaintiff, thereafter, removed the proceedings by certiorari to the Supreme Court, where the adjudication of the justice was reversed with costs. The further facts appearing upon the trial are set forth in the opinion. The jury rendered a verdict for the plaintiff for $8,695. From the judgment entered upon this verdict the defendant appealed to the General Term; there the judgment was reversed unless

the plaintiff would stipulate to deduct from his verdict so much as was "allowed for damage to plaintiff's business, to wit, the sum of $4,050." And in case he did so stipulate, the judgment as to the residue was affirmed. The plaintiff gave the stipulation, and the judgment of affirmance was entered for the balance.

*Chas. E. Soule* for the appellant. The premises were held by plaintiff under an agreement for a lease. (Taylor's L. & T. [4th ed.], § 39.) Plaintiff had no greater right to the premises than Clark & Sisson. (3 R. S. [5th ed.], 220.) Defendant should have been allowed to show the point on which the decision of the General Term was rendered. (*Doty* v. *Brown*, 4 Coms., 71, 75.) The burden of proof was on plaintiff to show affirmatively that he had a license. (*Griffith* v. *Wells*, 3 Den., 226 ; Story on Con. [4th ed.], 3458 ; *Ehel* v. *Smith*, 3 Caine's R., 187 ; *Kane* v. *Johnston*, 9 Bos., 226 ; *Bosworth* v. *Swansey*, 10 Met., 363.) The verdict of the jury was general, and the General Term had not power to render the judgment entered. (*Illias* v. *Diercks*, 16 Tex., 251 ; *Lesesne* v. *Grant*, 1 Brev., 402 ; *State* v. *Herring*, id., 159 ; *Chouteau* v. *Suydam*, 21 N. Y., 179 ; *Moffet* v. *Sackett*, 18 id., 522 ; Hilliard on N. T., 443, § 30.)

*David McAdam* for the respondent. The lease from Scott & Baldwin to Clark & Sisson contained everything requisite to make a valid lease. (*Hallett* v. *Wylie*, 3 J. R., 44 ; *Thornton* v. *Payne*, 5 id., 74 ; *Hurlbut* v. *Post*, 1 Bosw., 28 ; *Jackson* v. *Kisselback*, 10 J. R., 336 ; *Jackson* v. *Van Hosen*, 4 Cow., 325 ; *Averill* v. *Taylor*, 8 N. Y., 44.) The fact that the jury found for the plaintiff, negatives the idea that the stamp was omitted from the deed with an intent to defraud. (*Howe* v. *Carpenter*, 53 Barb., 382 ; *Voreback* v. *Roe*, 50 id., 302 ; 47 id., 187 ; 49 id., 102 ; *People* v. *Gates*, 43 N. Y., 40.) When the under-lease to Clark & Sisson expired the assignees acquired no greater rights than their assignors had. (*Williamson* v. *Brown*, 15 N. Y., 354.)

Plaintiff was entitled to his actual damages on stock and furniture and interest thereon. (Sedg. on Dam. [marg.], 385, 386 [4th ed.]; *Beals* v. *Gurnsey*, 8 J. R., 447; *Parrott* v. *K. and N. Y. Ice Co.*, 46 N. Y., 361.) He was also entitled to recover for the loss of his probable profits. (Sedg. on Dam. [marg.], 79, 80 [4th ed.]; *Bayley* v. *Smith*, 10 N. Y., 489; *White* v. *Mosby*, 8 Pick., 356; *Lacour* v. *Mayor*, 3 Duer, 406; *Sewell's Falls Bridge* v. *Fiske*, 3 Fost. [N. H.], 171; *Ludlow* v. *Yonkers*, 43 Barb., 493; *Chadler* v. *Allison*, 10 Mich., 460; 11 id., 542; 16 Wis., 280; 25 Ind., 321; 5 R. I., 299; 52 Penn., 238.) If defendant acted in bad faith in prosecuting its proceedings, he was also entitled to exemplary damages. (*Wort* v. *Jenkins*, 14 J. R., 352; *Walker* v. *Wilson*, 8 Bosw., 586; *Wild* v. *Hexter*, 50 Barb., 448; *Caldwell* v. *N. J. Stbt. Co.*, 47 N. Y., 282.) The General Term had the power under plaintiff's stipulation to reduce the verdict by deducting the injury to plaintiff's business. (*Sears* v. *Conover*, 3 Keyes, 115; Code, § 330; Gra. & Wat. on N. T., 1162.) Defendant had no authority to unnecessarily injure or destroy plaintiff's property. (*Ely* v. *Suprs. Niagara Co.*, 36 N. Y., 297.)

EARL, C. The points taken before us that the verdict was against the evidence, and that the damages are excessive, cannot be considered here.

Upon the trial the defendant offered to show upon what ground the Supreme Court reversed the adjudication of the justice in the summary proceedings, and the offer was overruled, and an exception was taken by the defendant. In this there was no error. It was wholly immaterial upon what ground the adjudication was reversed. The reversal simply placed the parties, as to the premises in question, where they were before the proceedings were instituted. The adjudication, upon whatever ground it was reversed, was wiped out, and no longer estopped either party. The reversal, however, gave the plaintiff, by the express provisions of the statute (2 *Edmonds, R. S.*, 533), a right of action to recover any dam-

ages which he sustained by reason of the summary proceedings.

It only remains to be considered whether the judge at the trial erred in his charge or in his refusal to charge as requested by the defendant, and whether the judgment, as modified, should be reversed for such error. On the trial the plaintiff was the only witness as to the amount of the damage to his property, and he estimated it in items amounting to $4,645. He also testified, without objection, that he lost a large amount by the breaking up of his business, in the profits which he supposed he would have made. The judge charged the jury that the plaintiff was entitled to recover the damage done to his property, and also the damage done to his business. Defendant excepted to so much of the charge as left it to the jury to consider and give damages for any loss of plaintiff's business, and also requested the judge to charge that the plaintiff could not recover for the loss of prospective profits. This request was refused, and the defendant excepted. The judge manifestly erred in the charge as made, and in the refusal to charge as requested. But, as the judgment was modified at General Term, the defendant is not harmed by these errors. The judgment was reduced so as give the plaintiff only the damage to his property. It is said that it is not clear that the jury put the same estimate upon the damages to the property which the plaintiff did in his evidence. They must have done so, as there was no evidence showing that the damage to it was less than plaintiff claimed. There can be no question that the General Term had the right to make the conditional reversal or to modify the judgment appealed from. It is a right for the exercise of which there are many precedents. *Sear* v. *Conover*, 3 *Keyes* 115; *Graham & Wat.* on New Trials, 1162, and cases cited.

I have thus considered all the questions presented for our consideration, and conclude that the judgment should be affirmed with costs.

All concur. Judgment affirmed.