## JULIUS BAERE AND LOUIS BAERE, RESPONDENTS, *v.* GEORGE E. ARMSTRONG AND ROBERT H. RILEY, APPELLANTS.

*Sureties to an undertaking given upon the issuing of an attachment — are entitled to the benefit of all payments made by their principal — liability of, for costs of unsuccessful appeals taken by him.*

The sureties to an undertaking given upon the issuing of an attachment, by which they covenant to pay all costs and damages which may be awarded to, or sustained by the defendants, not exceeding a sum specified, are entitled to the benefit of all payments for costs or damages made by their principal, and can in no event be held liable for more than the difference between the amount so paid by him and the sum specified in the undertaking.

*Quære,* as to whether the sureties to such an undertaking are liable thereupon for the costs and expenses of unsuccessful appeals, taken by their principal to the General Term and the Court of Appeals, from an order vacating and discharging the attachment.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

*Melville H. Regensburger,* for the appellants.

*Blumenstiel & Hirsch,* for the respondents.

DAVIS, P. J.:

On the 30th of December, 1878, H. B. Claflin and others applied under the provisions of the Code of Civil Procedure for an attachment against the property of Julius Baere and Louis Baere, the above-named respondents; and the above-named appellants, as sure-

ties, under the provisions of section 640 of the Code of Civil Procedure, executed an undertaking whereby they jointly and severally undertook, in the sum of $250, that if the defendants in that action recovered judgment, or if the warrant of attachment were vacated, the plaintiffs therein would pay all costs which might be awarded to the defendants and all damages which they might sustain by reason of the attachment, not exceeding the sum men. tioned. The attachment was issued and served, and in January following was discharged by the court upon the execution of the bond required by section 688 of the Code. Afterwards, and in April following, upon motion made by the defendants in the attachment suit, at Special Term, the attachment was set aside, vacated and discharged with ten dollars costs. From the order so vacating the attachment, Claflin and others, the plaintiffs therein, appealed to the General Term of the Supreme Court where the order was affirmed with costs. They then appealed to the Court of Appeals from the order of the General Term, which order was there affirmed with costs. An action was then brought upon the undertaking against the present appellants by the respondents, to recover, as damages alleged to have been sustained by reason of the attachment, the expenses for counsel fees upon the motion at Special Term to vacate the attachment, and for attorneys and counsel fees upon the appeals to the General Term and the Court of Appeals. On the trial proof was given, under objection and exception, of the expenses of counsel fees paid by the respondents for the argument of the motion at Special Term, and on the several appeals, to a sum exceeding $250, the amount named in the undertaking, and a verdict was rendered in their favor for that amount.

The appellants, in the course of the trial offered, in substance, to prove that Claflin & Co. had paid the costs awarded upon the motion, and upon the appeal to the General Term, and the costs of appeal to the Court of Appeals, amounting in the whole to about $110. Evidence to show these payments was rejected by the court and an exception duly taken. There seems to be no doubt, under the authorities, that the reasonable expenses for counsel fees, on a motion necessary to get rid of the attachment, may be recovered upon such an undertaking. (*Northrup* v. *Garrett*, 17 Hun, 497; *Ball* v. *Gardner*, 21 Wend., 270; *Bennett* v. *Brown*, 20 N. Y., 99.)

These cases establish that where the defendant in an attachment suit is obliged to bring an appeal, or several appeals, to the higher courts to get the attachment vacated, the expenses attending such appeals are covered by the language of the undertaking. But in this case the motion at Special Term to vacate the attachment was not denied; it was granted, and the attachment wholly ceased to exist upon entering the order vacating the same. It was Claflin & Co. who brought the appeals to the General Term and the Court of Appeals, and the expenses recovered in this suit were not incurred in an effort to get rid of the attachment, but in resisting an attempt on the part of Claflin & Co. to have the order which vacated it reversed.

No case has been called to our attention where the sureties in such an undertaking have been held liable for the costs and expenses made by their principal, by appeal, in an effort to reinstate his attachment. Whether the liability of the sureties goes to such an extent need not now be determined, for we are of opinion that it was error to exclude the offer to show that Claflin & Co. had paid the costs awarded upon the motion and the several appeals.

The undertaking of the sureties was that their principals would pay all costs which might be awarded to the defendants, and all damages which they might sustain by reason of the attachment, not exceeding the sum of $250. If the evidence had been received it would have shown that Claflin & Co. had paid a portion of the liability which the sureties had undertaken they would pay.

Undoubtedly if the respondents in this action are right in their position that the undertaking followed the appeals to the several courts, the costs awarded by these courts were a part of the liability which the sureties in the undertaking agreed that their principals should pay. Their undertaking was that their principals will pay such costs and damages to the amount of $250; and when their principals do make payment to that amount their liability on the undertaking is at once discharged. The respondents could not proceed to collect of Claflin & Co. a portion of their costs or damages and then proceed upon the undertaking against the appellants for the whole amount therein specified. Such a construction would impose upon the sureties a greater liability than they have undertaken; and while the rule is that they should be held like other

contracting parties strictly to the liabilities incurred, the doctrine that their agreement is to be construed *strictissimi juris* forbids any extension of liability by construction.

This question has been distinctly passed upon by McAdam, J., in a case in the Marine Court, in which he held to the effect that any sum paid by the plaintiff in an attachment suit for costs and damages awarded against him, operated to reduce the liability specified in the undertaking given by the sureties. We think that decision correct, for the liability of the sureties is not to pay any balance for which his principal may be responsible and which cannot be collected of him, but that his principal will pay all such liability not exceeding a specified sum.

In this case, unfortunately, the judge who granted the attachment only required that sum to be $250, although the attachment was for an indebtedness of $6,000. The sum was altogether too small, but nevertheless it fixed the liability of the sureties, and cannot be extended at this stage of the case.

For the error in excluding this evidence there must be a new trial.

The judgment must be reversed and a new trial granted, with costs to abide event.

Brady and Daniels, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.