Nehrbas, J.
—This action is upon an undertaking to procure an attachment in the supreme court, the attachment having been vacated by that court, and the vacatur sustained by the general term thereof. The costs, amounting to twenty-three dollars, were paid to Reves (plaintiff’s) attorney, before this suit was commenced.
The points raised on this appeal are two-fold. First, the charge of the trial judge is objected to as being erroneous, and, secondly, it is claimed that the twenty-three dollars paid to plaintiff’s attorney should have been credited to the defendants.
With respect to the first objection we think that the charge considered in its entirety is correct and unobjectionable. Besides the plaintiff’s attorney, who testified that his legal services in and about the proceedings necessary to *682 vacate the attachment, were reasonably worth $250, two attorneys were produced as experts, who considered these services fairly worth $150. The judge charged, in substance that the jury are bound to base their verdict on the evidence and not merely upon any knowledge they may happen to possess on the same subject matter.
The defendants’ counsel requested the court to charge, “that the jury is not bound to take the evidence of the witnesses as to the value of the services, but may, on their own judgment and experience, determine for themselves the value of the services, irrespective of the evidence of witnesses.” In other words, the learned counsel claimed, that the jury could totally disregard the evidence, and find according to their own caprice or whim whatever they should see fit to allow the plaintiff. No authority can be found to sanction this contention. While it is true that the jury may avail themselves of any knowledge or experience which they may possess on the same subject matter to aid them in arriving at a proper amount, still it would be preposterous to maintain that they may use their knowledge and experience in defiance of and unassisted by the evidence adduced on the trial. If this were proper, what necessity would there be for furnishing any proof whatever upon the trial? A jury might bring a verdict at random for any amount they saw fit. It seems to us that it is better for litigants and more conducive to justice between the parties to adhere to the old rule that juries must be governed by the evidence in order to dispose of a litigated question properly.
We think the charge, which is lengthy, correctly states the law applicable to the case as favorably to the defendants as they are entitled to have it enunciated, and the exceptions thereto are untenable.
As to the second .point, we think the defendants should be allowed the twenty-three dollars costs paid plaintiff’s attorney. These costs properly come within the purview of the undertaking, and should have been considered by the jury in arriving at their verdict. Its exclusion from their consideration was error. Baere v. Armstrong, 26 Hun, 19: S. C., 62 How. Pr., 515.
For this error the judgment and order will be reversed and a new trial ordered, with costs to abide the event, unless within ten days the plaintiff files a stipulation that twenty-three dollars and interest be deducted from the verdict.
If this stipulation be filed, the judgment as modified will he affirmed, without costs. Hayden v. Florence S. M. Co., 54 N. Y., 225.
McAdam, Ch. J., concurs.