## MICHAEL WOODS, APPELLANT, *v.* BRIDGET KERNAN, RESPONDENT.

*Damages — recoverable by a tenant removed by virtue of a judgment in summary proceedings, which is subsequently reversed on appeal.*

One Woods, a defendant in summary proceedings, in which a precept was obtained and served, a judgment entered by default and a warrant of dispossession issued against him as tenant, was dispossessed of certain premises rented by him. Upon an appeal the final order awarding such premises to the landlord was reversed, and a new trial was granted which resulted in a dismissal of the landlord's petition.

In an action brought against the landlord and owner of the premises to recover the damages sustained by such removal, it was held by the trial court that the plaintiff, by reason of his default, was estopped from claiming any damages occasioned by the removal, and that the recovery must be limited to the actual injuries, resulting from the acts of the defendant, to the personal property of the plaintiff, and that the plaintiff could not recover for the loss of the possession of the property, nor for any fruit growing on the premises, or for any of the garden crops.

*Held*, that this was error; that the right of the plaintiff to recover was not limited to the injuries done to his goods in their removal, but that he was also entitled to recover for the use of the premises from the time he was dispossessed to the time that restitution was ordered, and as constituting elements of loss to the value of the crops and fruit upon the land which had been gathered during the time intervening between his removal and his restitution.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of Onondaga county on the 25th day of July, 1889, upon the verdict of a jury, rendered at the Onondaga Circuit, May, 1889, in favor of the plaintiff for fifteen dollars, and from an order denying a motion made by the plaintiff upon the minutes of the court, before which the action was tried, for a new trial. The verdict being less than fifty dollars the defendant recovered costs.

*W. Gilbert*, for the appellant.

*Goodelle & Nottingham*, for the respondent.

MERWIN, J. :

This action was brought by the plaintiff to recover damages for being unlawfully dispossessed of certain premises in the city of Syracuse, rented by plaintiff from defendant.

On the 2d of August, 1888, this defendant, claiming that the tenancy expired on the 1st of August, 1888, instituted summary proceedings for the removal of the plaintiff. A precept was obtained from a justice of the peace, returnable at 4 P. M. of the same day. This was duly served at 1.30 P. M.

The present plaintiff, being the defendant in that proceeding, did not appear, and judgment by default was rendered against him, and a warrant issued to dispossess him. Under this warrant the defendant therein was dispossessed on the seventh of August.

He appealed to the County Court, his appeal being based, first, upon errors of law; and, secondly, upon affidavits presented for excusing his default and showing a defense, and asking for a new trial before the same or another justice. The matter was duly heard in the County Court, and it was there decided that no error of law existed for the reversal of the judgment, but that the default might be opened upon the payment of ten dollars costs. Accordingly, on the 15th of January, 1889, judgment was entered providing that upon payment of said costs, " then the final order awarding possession

of said premises to the plaintiff be and the same is hereby, in all things, reversed and a new trial directed before S. F. BELKNAP, a justice of the peace, in Syracuse, at his office on the 22d of January, 1889, at two o'clock in the afternoon, and restitution of the premises described in the petition is hereby ordered and awarded to appellant." The costs were paid and the case came to trial as directed, and on the twenty-eighth of January judgment was given in favor of the defendant therein dismissing the petition, with costs, thus determining that, at the time of the commencement of the proceedings, on the 2d of August, 1888, the landlord was not entitled to possession. The claim of the tenant was, that his tenancy did not expire until May 1, 1889. The tenant did not re-enter, but commenced this action on March 1, 1889.

In the trial under review it was shown, on the part of the plaintiff, that his household goods were considerably damaged at the time of their removal by the officer with the aid of the defendant or her agent. It was also shown that there was then in the garden on the premises, a crop of potatoes and of corn of some value, and also pear trees, upon which there was fruit in considerable quantity, and evidence was given as to their value. At the close of the plaintiff's case it was held by the court that the recovery must be limited to the actual injury by the acts of the defendant to the personal property of the plaintiff, and that plaintiff could not recover damages occasioned by the removal, nor for the loss of the possession of the property, nor for any fruit growing on the premises, or any of the garden crops. The plaintiff duly excepted. It was assumed that before the order was made for restitution, the crops and the fruit had been used or disposed of by the defendant. The theory of the court seems to have been that the plaintiff, by reason of his default, was estopped from claiming any damages occasioned by the removal. Assume that this may be so, so far as any inconvenience may have arisen by the act of removal, or any expense may have been incurred in the removal of his goods after the dispossession, or in obtaining another dwelling, I fail to see how it should apply to any loss the plaintiff may have sustained in being deprived unlawfully of the use of the property, and in being prevented from gathering crops that he was entitled to have. If the use of the premises,

including the crops and fruit that he might have gathered from the time he was put out to the time restitution was ordered, was of material value over and above the rent he would have been obliged to pay, I see no good reason why the defendant should have the benefit of it. No point was made as to the rule of damages in such a case. The ruling denied any right of recovery at all on that basis. It was not claimed that the plaintiff was in default in the payment of rent. But it is suggested that there was no reversal within the meaning of section 2263 of the Code of Civil Procedure, which provides for the recovery of damages by the person dispossessed. There was in form a reversal, the adjudication was wiped out, and it was afterwards, in fact, finally determined that the landlord was wrong. In *Hayden* v. *Florence Sewing Machine Company* (54 N. Y., 221) it was held that the ground of reversal in such a proceeding was immaterial. Nor did the failure of the plaintiff to re-enter deprive him of his right to recover for any loss that he had suffered up to the time that restitution was ordered.

I think the court erred in restricting the right of recovery to the injuries to the goods in the removal. The plaintiff was also entitled to recover for his loss in the use of the premises from the time he was dispossessed to the time restitution was ordered, and as elements in the loss, the value of the crops and fruit should have been considered. By reason of the error above stated, there should be a new trial.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed on the exceptions and new trial ordered, costs to abide the event.