(164 App. Div. 213)

POSS v. POSS.  (No. 6174.)

(Supreme Court, Appellate Division, First Department.  November 6, 1914.)

DIVORCE (§ 218*)—ALIMONY PENDENTE LITE—ALIMONY AFTER GRANTING OF
    INTERLOCUTORY JUDGMENT.
        Where, in an action for divorce, the husband was granted an inter-
    locutory decree of divorce on the ground of adultery, providing for the
    entry of final judgment after the expiration of three months, and that
    upon the entry thereof the payment of alimony should cease, he was en-
    titled, in the absence of facts from which it could be seen that there was
    reasonable ground to believe that the judgment was erroneous, and would
    be reversed upon an appeal, to the vacation of an order previously made
    for the payment of alimony pendente lite, he having paid all alimony
    due up to the entry of the interlocutory judgment, as such alimony is
    granted on the theory that the wife may not be guilty of the charge.
    against her, and is ordinarily denied where it can be seen that there is
    no reasonable prospect of the wife's succeeding in defeating the action.
        [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 639;  Dec. Dig. §
    218.*]

Appeal from Special Term, New York County.

Action by Frank R. Poss against Lillian K. Poss.  From an order
denying a motion to vacate an order directing the payment of alimony
pendente lite, plaintiff appeals.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Lorren M. Hart, of New York City, for appellant.
George Gordon Battle, of New York City, for respondent.

McLAUGHLIN, J.  This action was brought to procure an absolute
divorce.  After issue had been joined, the defendant moved for ali-
mony and counsel fee.  The motion was granted, and the appellant
directed to pay $2,000 counsel fee and during the pendency of the ac-
tion $500 a month alimony.  The answer put in issue the allegations
of the complaint that the defendant was guilty of adultery.  Issues
were framed and the matter was sent to a jury to determine whether
or not the defendant was guilty.  After a trial lasting several days, a
verdict was rendered in favor of the plaintiff, finding the defendant
guilty of adultery as charged in the complaint.  Upon this verdict and
the findings of the court at Special Term as to the remaining issues,
an interlocutory judgment of divorce was entered in favor of the plain-
tiff on the 29th of June, 1914.

The judgment decreed that the plaintiff was entitled to a judgment,
to be entered as thereafter provided, dissolving the bond of matrimony
and freeing the plaintiff from the obligations thereof, and that final
judgment should not be entered until the expiration of three months
from the entry of the interlocutory judgment.  The interlocutory judg-
ment also provided that the plaintiff "be and he hereby is relieved from
his obligation to support and maintain the defendant, by reason of her
adultery, and that the payment of alimony cease with the signature and
entry of a final judgment."  The obligation of the plaintiff, however,

to pay alimony, is based entirely upon the order directing such payment pendente lite. There is no provision in the interlocutory judgment which requires the plaintiff to pay alimony prior to the entry of final judgment. It merely provides that all obligation to pay alimony shall cease with the entry of final judgment, leaving the order as the only mandate requiring the payment of alimony.

The plaintiff paid the counsel fee and all the installments of alimony to and including the date of the entry of the interlocutory judgment, and thereafter moved for an order vacating or modifying the order granting alimony pendente lite, so as to relieve him from further payment thereunder. The motion was denied, and he appeals.

Section 1769 of the Code of Civil Procedure gives the court discretionary power, during the pendency of an action, to make or modify the order requiring the husband to pay any sums necessary to enable the wife to carry on or defend an action, or to provide suitable support for her. It was under this section that the order was made, directing the appellant to pay counsel fee and alimony. He complied with the order, as indicated, until the interlocutory judgment was entered, which judicially established that the defendant was guilty of adultery, and that at the expiration of three months plaintiff would be entitled to a final judgment dissolving the marriage contract.

The interlocutory judgment, it is true, did not dissolve the marriage (Matter of Crandall, 196 N. Y. 127, 89 N. E. 578, 134 Am. St. Rep. 830, 17 Ann. Cas. 874), nor did it affect the defendant in her status as a wife or as to her marital property rights (Burton v. Burton, 150 App. Div. 790, 135 N. Y. Supp. 248). But a wife has no inherent right to alimony upon an action brought by a husband for a divorce. It is granted only upon the theory that the wife may not be guilty of the charge made against her, and if the court can see when such a motion is made that there is no reasonable prospect of a wife succeeding in defeating the plaintiff's action, then as a general rule alimony is denied, since the adultery of the wife relieves the husband of the duty to support her. Hawkins v. Hawkins, 193 N. Y. 409, 86 N. E. 468, 19 L. R. A. (N. S.) 468, 127 Am. St. Rep. 979, 15 Ann. Cas. 371.

Here it has been judicially determined that the wife is guilty of adultery; and that fact having been so determined, it seems to me that the husband should be relieved of the payment of alimony, unless facts be presented from which the court can see that there is reasonable ground for at least believing that the judgment is erroneous and would be reversed upon an appeal taken therefrom. No facts are set forth from which the court can see that the finding as to defendant's adultery was not justified by the evidence, or that the interlocutory judgment establishing that fact is erroneous. I think the motion to be relieved from the further payment of alimony should have been granted.

The order appealed from, therefore, is reversed, and the motion granted, without costs. All concur.