BETTY LUNENFELD, Plaintiff, *v.* MORITZ LUNENFELD, Defendant.*

Supreme Court, Kings County, February 17, 1930.

*Arthur R. Neiman,* for the plaintiff.

*Breitbart & Breitbart,* for the defendant.

LEWIS, J.   The defendant has made all payments of alimony pursuant to the order in the separation suit until the entry of the interlocutory decree of annulment in his favor.   The latter decree did not dissolve the marriage.   (*Matter of Crandall,* 196 N. Y. 127.) Nor did it affect the provision made for the payment of temporary alimony in the wife's action.   (*Burton* v. *Burton,* 150 App. Div. 790, 791.)   The defendant should have moved for an order relieving him from the payment of alimony after the entry of the inter-locutory judgment of annulment.   Had such a motion been made it would undoubtedly have been granted, for it does not appear that the interlocutory judgment was erroneously granted or would be reversed on appeal.   (*Poss* v. *Poss,* 164 App. Div. 213.)   In the exercise of discretion, therefore, the motion to punish the defendant for contempt is denied.

* See, also, 137 Misc. 417.