BETTY LUNENFELD, Plaintiff, *v.* MORITZ LUNENFELD, Defendant.

Supreme Court, Kings County, May 1, 1930.

*Arthur R. Neiman*, for the plaintiff.

*Breitbart & Breitbart*, for the defendant.

DUNNE, J. The plaintiff heretofore instituted an action against her husband for separation, which is still pending. In such action an award of temporary alimony was made. Subsequent to the commencement of the foregoing, the husband brought suit for the annulment of his marriage, claiming that the same was void in that at the time of such marriage his alleged wife had a former husband then living, and that she was incompetent as a result thereof to enter into the second marital relationship. Such annulment action was prosecuted to a successful culmination, and a final decree appears to have been entered in favor of the husband. From an opinion by Mr. Justice LEWIS (137 Misc. 419), on a

motion to punish the husband for contempt, dated February 17, 1930, it appears that the defendant in the separation action made all payments of alimony pursuant to the order in the separation suit until the entry of the interlocutory decree of annulment in his favor. Subsequent to the entry of such interlocutory decree, he has failed to pay the alimony in the separation suit. The husband, now having obtained the final decree of annulment, moves to dismiss the action for separation, and to vacate the orders made therein awarding alimony and counsel fee.

It has been determined that the marriage between the parties was not merely voidable, and, therefore, void only from the time its nullity was declared in the final decree pursuant to section 7 of the Domestic Relations Law, as amended, but that it was absolutely void *ab initio* pursuant to section 6 of the Domestic Relations Law (as amd. by Laws of 1915, chap. 266). It has thus been found by the court that there never was a marriage between the parties thereto. Since it has been determined that there never was a marriage, there can be no separation, and the endeavor to obtain the same becomes barren of possibilities. Likewise, if there never was a marriage, there never was a common-law obligation on the part of a supposed husband to support his apparent wife. Alimony is a substitute for such common-law obligation, and, with the removal of the cause for the latter, necessarily falls the former. So that the effort on the part of the defendant to dismiss as of record the separation suit now pending against him, and to vacate the orders incidental to such action, is proper. His practice, however, in attempting so to do by way of this motion is in error. The motion is brought prior to trial, and must, therefore, be determined, either upon the complaint with or without affidavits (Rules Civ. Prac. rule 106 or rule 107), or upon all the pleadings without affidavits (Rule 112). If the motion be considered under either rule 106 or rule 107 it cannot be granted as not being timely brought. If brought under rule 112 upon all the pleadings the court cannot consider matter set forth in affidavits, and the pleadings in their present condition do not indicate that defendant is entitled to affirmative relief. Undoubtedly, were he to move for leave to amend his answer the privilege would be granted. I am, therefore, constrained to deny the present motion. Defendant, however, is given leave to renew in the event that he sets forth by way of an amended answer the substantive facts contained in his affidavit, is granted leave to compel a reply thereto, and moves for judgment on the pleadings.