LILLIAN HAMMOND, Respondent, v. CHARLES M. HAMMOND, Appellant.— Order of March 7, 1939, modified on the law and as modified affirmed, without costs of this appeal to either party. Order of April 8, 1939, reversed, without costs, as mere repetition of the order of March 7, 1939. Memorandum: Upon the entry of the interlocutory judgment herein the plaintiff's award of temporary alimony ceased to be effective. If plaintiff desired an allowance for support pending her appeal from said judgment, she should have moved the court on proper papers for an allowance. This she failed to do. (See *Moncrief* v. *Moncrief*, 15 Abb. Pr. 187, 188; *Lake* v. *Lake*, 194 N. Y. 179, 184; *Poss* v. *Poss*, 164 App. Div. 213–216; *Gould* v. *Gould*, 201 id. 127, 129; *Greenberg* v. *Greenberg*, 134 id. 419, 421; *Wood* v. *Wood*, 7 Lans. 204, 205; *Lusk* v. *Lusk*, 31 Misc. 312, 314; *Berger* v. *Berger*, 141 App. Div. 455, 456; *Halsted* v. *Halsted*, 21 id. 589, 590; *Haddock* v. *Haddock*, 109 id. 502, 505; *Shaw* v. *Shaw*, 154 id. 324, 325.) When the court granted a new trial the interlocutory judgment necessarily fell with the order granting the new trial and the parties were restored to the position which they occupied before the entry of the interlocutory judgment. (*Woods* v. *Kernan*, 57 Hun, 215; *People* v. *Van Zile*, 80 Misc. 329, 332; *Hayden* v. *Florence Sewing Machine Co.*, 54 N. Y. 221, 224; *People* v. *McLaughlin*, 150 id. 365, 376; *Whitehead* v. *Kennedy*, 69 id. 462, 469.) By remaining passive after the granting of the new trial until January 19, 1939, when she served notice on the defendant to resume the payments of alimony, the plaintiff acquiesced in the defendant's failure to pay alimony from the date of the granting of the new trial until the service of said notice and it would now be inequitable to allow her to recover installments of alimony prior to January 19, 1939. (See *Burdick* v. *Burdick*, 183 App. Div. 488, 490.) Under all the circumstances we think the receivership should be continued and that the order restraining the defendant from disposing of his property should not be vacated. (See *Scott* v. *Scott*, 219 App. Div. 451, 452; *Dallas* v. *Dallas*, 200 id. 19, 20.) All concur, Cunningham, J., not voting. (Both orders deny defendant's motion to discharge the receiver and dissolve the injunction, and grant plaintiff's cross-motion to continue the receivership, in a separation action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

ANTONA BARKOWSKI, Respondent, v. AMERICAN RADIATOR COMPANY, Appellant. — Order modified as matter of discretion and as modified affirmed, without costs of this appeal to either party. All concur. (The order denies defendant's motion to vacate plaintiff's notice of examination before trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

WILLIAM GIST, Respondent, v. AMERICAN RADIATOR COMPANY, Appellant.— Order modified as matter of discretion and as modified affirmed, without costs of this appeal to either party. All concur. (The order denies defendant's motion to vacate plaintiff's notice of examination before trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

FRANK JEDRZEJEWSKI, Respondent, v. AMERICAN RADIATOR COMPANY, Appellant.— Order modified as matter of discretion and as modified affirmed, without costs of this appeal to either party. All concur. (The order denies defendant's motion to vacate plaintiff's notice of examination before trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

JOSEPH KASPROWICZ, Respondent, v. AMERICAN RADIATOR COMPANY, Appellant. — Order modified as matter of discretion and as modified affirmed, without costs