Louis Appelbaum, Plaintiff, *v.* Frieda Appelbaum, Defendant.

Supreme Court, Special Term, Kings County, October 11, 1951.

*Barnett Shapiro* for defendant.

*George J. Rudnick* for plaintiff.

Nova, J. Defendant is the divorced wife of the plaintiff. She moves to resettle an interlocutory judgment in favor of plaintiff rendered on June 18, 1951, which, on September 18, 1951, became a final judgment in accordance with a provision therein made for that eventuality. The husband, having been the successful party in the action, no alimony was awarded the wife, although provision was made therein for support and maintenance of the two children of the marriage. By this motion defendant seeks to " resettle " the decree, as afore-stated, by including therein a provision giving her judgment for $675 arrears of temporary alimony claimed to have been due her under a *pendente lite* order and unpaid at the time of the interlocutory decree, along with certain " expenses " for which, she asserts, she was to have been recompensed under such interim order.

Defendant moved to punish plaintiff for contempt for his asserted failure to pay the amounts due. Such motion was pending and undetermined when the interlocutory decree was signed. Thereafter the contempt motion was denied on the authority of *Hammond* v. *Hammond* (257 App. Div. 1041). Defendant then moved, apparently pursuant to the provisions of section 1171-b of the Civil Practice Act, to enter judgment for the claimed arrears, which motion was denied for like reasons. No appeal, it appears, was taken from either of said orders although an appeal has been taken and is now pending from the divorce judgment itself.

A motion for resettlement " is a procedure of correction or classification," not one to change or amplify the direction of the court (*Ruland* v. *Tuthill,* 187 App. Div. 314, 315). The change herein sought exceeds that. Even were the omission herein attributable to judicial error, being a matter of substance, power would be lacking to correct it now by amendment (*Herpe* v. *Herpe,* 225 N. Y. 323, 327). Additionally the interlocutory judgment sought to be amended no longer exists, having been superseded by the final judgment.

" When the jurisdiction to render a judgment is ended, and in the absence of inclusion of arrears which were awarded *pendente lite,* there is no survival of accrued arrears; if there is no action pending, no proceedings may be taken thereon." (*Cutrone* v. *Cutrone,* 176 Misc. 988, 989, affd. 262 App. Div. 992.)

The motion, accordingly, is denied.