In the Matter of PETER FORNABY et al., Appellants, *v.* RALPH FERIOLA et al., Constituting the Board of Appeals of the City of Yonkers, et al., Respondents, and HELEN COOK, Intervenor-Respondent.

Second Department, March 25, 1963.

216

*Lester J. Tanner* for appellants.

*John F. Trainor, Corporation Counsel,* for respondents.

*Samuel S. Weiner* for intervenor-respondent.

BRENNAN, J.   Helen Cook, the intervenor herein, is the owner of property in a "B District" (neighborhood business, and apartment houses, medium density) in the City of Yonkers. Under the city's Building Zone Ordinance (§ 6-H-70.2), in such a district a motor fuel filling station is permitted as a special exception use only.   Section 10-C-10 *et seq.* of the Zoning Ordinance confer upon the Zoning Board of Appeals the power " to grant a permit for the location of a Special Exception Use in a particular District for which application is made ", subject to the approval, by resolution of the Common Council and subject

further to the " following conditions and guiding principles: * * * § 10-C-10.7. Such use shall not conflict with the direction of building development in accordance with any Master Plan or portion thereof which has been adopted by the Planning Board."

The intervenor applied for such a permit to authorize the construction and maintenance of a motor fuel filling station on her property. The Zoning Board granted the application on May 2, 1961; and the Common Council approved the board's action on June 13, 1961.

Thereafter, the instant proceeding by the petitioners, the owners of property in the vicinity of the subject premises, to review the board's determination and its approval by the Common Council (both the board and council being hereafter referred to as the respondents) was commenced. The petitioners alleged that, for a variety of reasons, respondents' actions were illegal and improper. On this appeal, however, the petitioners have abandoned all their objections except the contention that the permit for the special exception use was improperly granted because such use was in conflict " with the direction of building development in accordance with [a] Master Plan or portion thereof which has been adopted by the Planning Board."

It is undisputed that on June 21, 1961 the Planning Board of the City of Yonkers adopted a Master Plan or a portion thereof showing the subject property in a proposed residential district. It is also undisputed that, under section 6-D of the existing Zoning Ordinance, a motor fuel filling station is not permitted in a residential district. It is petitioners' claim, therefore, that respondents' actions were invalid as they were in violation of section 10-C-10.7 of the ordinance above set forth.

Due to the fact that respondents' determination antedated the adoption of the Master Plan, a preliminary question is presented as to whether the plan has any effect on the validity of respondents' actions.

This proceeding was instituted in July, 1961; and by order dated March 13, 1962 the Special Term reversed, annulled and set aside respondents' determination because of insufficient findings made by the Board of Appeals. The order also granted leave to respondents to conduct such further proceedings as they might deem advisable and to file a further amended answer and return upon the completion of such proceedings. Petitioners were given leave to " renew their application in this proceeding by notice of motion * * * for a review of the determination made by respondents as a result of such further proceedings."

Following the order of March 13, 1962, the Board of Appeals made formal findings setting forth its reasons for granting the special exception use and the Common Council subsequently ratified and reaffirmed its prior action approving the action of the Board of Appeals. Respondents then filed their further amended answer and return and the petitioners moved to review and annul respondents' determination, as permitted by the order.

In our opinion, respondents' original determination ceased to exist when it was reversed and annulled by the order of March 13, 1962 (cf. *Hayden* v. *Florence Sewing Mach. Co.*, 54 N. Y. 221, 224; 2 Freeman, Judgments [5th ed.], § 1167). It is immaterial that the Special Term's intention, as indicated by its opinion, may have been merely to remand the matter to respondents for the purpose of making proper findings. It is the order which is controlling (cf. *Halpern* v. *Amtorg Trading Corp.*, 292 N. Y. 42, 47–48); and, under the plain language of the order, respondents' actions were reversed, annulled and set aside. The determination granting and approving the special exception use was thus "wiped out" (*Hayden* v. *Florence Sewing Mach Co.*, *supra*). Accordingly, only the actions of the respondents which occurred subsequent to the order of March 13, 1962 are before us for review. Since those actions took place after the adoption of the Master Plan, the plan must be considered in determining their validity; and the question of the effect of the plan could properly be raised on petitioners' renewed motion, pursuant to the procedure outlined by the Special Term in its order and followed by the parties without objection (cf. *Stevenson* v. *News Syndicate*, 302 N. Y. 81, 87).

Moreover, it is our opinion that the same result must follow even if it be assumed that respondents' original determination remained in force despite the order of March 13, 1962. It is not claimed that, following such determination, the intervenor obtained any vested rights; and this appeal should be decided on the law and the facts as they now exist (cf. *Matter of Town Bd. of Town of Huntington* v. *Plonski*, 13 A D 2d 704, affd. 10 N Y 2d 1035; *People* v. *Duell*, 1 N Y 2d 132, 134).

Turning to the sole substantive question presented, we are of the opinion that section 10-C-10.7 of the local Zoning Ordinance prohibits the granting of a permit for a special exception use which conflicts with the proposed development of an area as contemplated by a Master Plan or portion thereof, adopted by the Planning Board. Section 28-a of the General City Law expressly authorizes the Planning Board to prepare a Master Plan "for the improvement of the city and its future growth, protection, and development". Under the Master Plan here

involved, the future development of the city will be such as to preclude the use of the intervenor's property for a motor fuel filling station; and the special exception use which has been permitted here thus conflicts "with the direction of building development in accordance with any Master Plan or portion thereof" and violates section 10-C-10.7 of the Zoning Ordinance. Since a special exception use is permissible only under the conditions specified in the ordinance (*Matter of Syosset Holding Corp.* v. *Schlimm,* 15 Misc 2d 10, mod. on other grounds 4 A D 2d 766), it is our view that respondents' actions were illegal and that they should be annulled.

Respondents' determination may not be sustained on either one of the alternative grounds urged by them and by the intervenor, namely: (a) that the Master Plan does not show the type of structures now being built in the area in which the intervenor's property is situated; or (b) that the special exception use is in harmony with the Zoning Ordinance and the present use and character of the district. A master plan is to be distinguished from a zoning ordinance. The former is "a long-term, general outline of projected development", while the latter "is but one of the many tools which may be used to implement the plan" (68 Harv. L. Rev. 1156). Section 10-C-10.7 of the Zoning Ordinance may not be considered applicable to uses which are permitted under the present provisions of the Zoning Ordinance. That section relates and is applicable to the future uses contemplated by the Master Plan. Therefore a permit for a special exception use may not be granted if such use will conflict with the development of the neighborhood as proposed by the Master Plan, regardless of the existing character of the locality.

The standards set forth in the ordinance, governing the granting of permits for special exception uses, may not be ignored even though the Common Council must approve the action of the Board of Appeals in order to make that action effective. Unlike *Matter of 4M Club* v. *Andrews* (11 A D 2d 720), relied upon by the respondents and by the intervenor, the permit for the special exception use in the instant case could not be granted solely by the legislative body which enacted the Zoning Ordinance; and the Board of Appeals, empowered by the ordinance to grant a permit for a special exception use, was bound by the conditions set forth in the ordinance (*Matter of Syosset Holding Corp.* v. *Schlimm, supra*).

The order appealed from should be reversed on the law, without costs; petitioners' application should be granted; and the Board of Appeals' determination, as approved by the Common

Council, authorizing the permit for the special exception use of the intervenor's real property for the construction and maintenance of a motor fuel filling station, should be annulled. No questions of fact were considered.

UGHETTA, Acting P. J., KLEINFELD, CHRIST and HOPKINS, JJ., concur.

Order reversed on the law, without costs; petitioners' application granted; and the determination of the respondent Board of Appeals, as approved by the respondent Common Council, annulled. No questions of fact were considered.