William J. Regan, S.
The deceased, Cyril Lueke, and Sally Lueke were married on April 30, 1955. Ño issue was born of this marriage. On July 1, 1964, an interlocutory decree of annulment was granted and ¡filed in the Erie County Clerk’s office and was to become final 90 days thereafter as provided by the law existing at that time. (Domestic Relations Law, § 242.)
The deceased died intestate on July 23, 1964, or 23 days after the entry of the interlocutory decree and prior to the decree becoming final as provided for by the terms thereof. No proceedings were instituted by Sally Lueke subsequent to the death of the deceased to vacate the annulment or set aside the entry of said final decree. The interlocutory decree automatically became final upon the expiration of the named 90-day period.
The administrator has petitioned to judicially settle his accounts and in his. application requests that the court find that Sally Lueke, presumably the wife of the deceased Cyril Lueke, is not entitled to share in the estate of Cyril Lueke. The administrator’s contention is based on the premise that the interlocutory judgment for annulment became a final judgment and that by reason thereof Cyril Lueke died leaving him surviving no spouse qualified to receive an intestate share as provided by the descent and distribution statutes enacted by the Legislature of the .State of New York.
The case of Matter of Haney (14 A D 2d 121) is cited as authority for the administrator’s position. The only similarity existing in the instant matter to the facts in the Haney case was that the aggrieved party in both cases died during the interlocutory period in an annulment action after the filing of said interlocutory decree and prior to its becoming final. The issue in the Haney case was not whether the wife was a surviving spouse qualifying for her intestate share but to determine the validity of the filing of a notice to elect against the will by the presumed wife.
The deceased in Haney left a will in which he made no provision for his wife. After the probate of this will and approxi *906 mately five months subsequent to the interlocutory decree becoming final the wife filed a notice of election electing to take against the will in the manner provided for in the then existing subdivision 5 of section 18 of the Decedent Estate Law.
The court held (p. 122) that the wife “ was not the widow of decedent at the time of filing the notice of election because the marriage had been effectively annulled by the annulment decree The annulment action “ did not abate upon the death of the aggrieved party by virtue of the exception provided in section 1139 of the Civil Practice Act (now Domestic Relations Law, § 140, subd. [e]). Under this section an action to annul a marriage on the grounds that the consent of one of the parties thereto was obtained by fraud may be maintained by parent, relative or guardian after the death of the other party to avoid the marriage.”
The court reasoned (p. 126) that since the action did not abate, the interlocutory became ‘ ‘ final as of course pursuant to the statute ”, and, therefore, “ the marriage had been effectively annulled by a final judgment of annulment.” The court deciding Haney found in interpreting section 18 of the Decedent Estate Law that Mrs. Haney was not the widow of decedent at the time of filing the notice of election and, therefore, not eligible to elect against the will. The case is one dealing with an interpretation of the election section and the eligibility for filing same. The right to elect against a will is a personal right purely statutory and can be exercised only as prescribed by the aforesaid section. (Matter of Allan, 5 N Y 2d 333.)
The issue in the instant case is whether under the statutes of descent and distribution Sally Lueke is entitled to share in the estate as surviving spouse and not to determine the validity of a right of election.
The law is well established that for purposes of intestate succession the only persons who can be deemed distributees of the deceased are those who qualify as such at the date of the death of decedent. (Matter of Fairchild, 81 N. Y. S. 2d 111.)
An interlocutory decree of annulment does not in any sense annul the marriage. It merely sets forth what the final judgment will be upon the expiration of a required period. The parties during the interlocutory period are still legally husband and wife and remain such until the judgment becomes final, (Lunenfeld v. Lunenfeld, 137 Misc. 419.) Therefore, when one of the parties to the proceeding dies before the final judgment is entered the death occurs while the parties are still legally married and the surviving party is entitled to share in the *907 estate of the deceased party under the provisions of the descent and distribution sections of the State of New York.
Sally Lueke, by virtue, therefore, of being the surviving spouse on the date of the decedent’s death qualifies to share in the estate of her husband, Cyril Lueke. Unlike Matter of Haney (supra), Sally Lueke was not required to file a notice of election or to take any other affirmative action to implement her interest in the estate inasmuch as this interest is vested in her by the statutes encompassed in the Decedent Estate Law. Matter of Haney, is, therefore, distinguishable from the instant matter and is not controlling. This court concludes, therefore, that Sally Lueke was the surviving spouse and entitled to her intestate share.
It is the decision of the court that the interlocutory decree did not affect or destroy the interest of Sally Lueke in real property which may have been held by her and the deceased as tenants by the entirety.
Where two parties are married and purchase property as tenants by the entirety the property remains in the parties as tenants by the entirety until the termination of that marriage (Awramenko v. Awramenko, 192 N. Y. S. 2d 15; Stelz v. Shreck, 128 N. Y. 263; Middleton v. Middleton, 123 N. Y. S. 2d 231). This court, therefore, finds that title to real property held as tenants by the entirety by Sally Lueke and Cyril Lueke vested in Sally Lueke as surviving tenant by the entirety and that title vested in her by operation of law. It is noted by the court that this problem would not arise today in view of the legislation defining the term surviving spouse, EPTL 5.1-2.