DIXON et ux. v. COOPER et al.   (No. 1475.)

(Court of Civil Appeals of Texas. Texarkana. May 27, 1915. Rehearing Denied June 3, 1915.)

1. APPEAL AND ERROR ⬤⇒544—BILL OF EXCEPTIONS—MOTION TO QUASH—RULES.

Under rules 53, 55 for district and county courts (142 S. W. xxi), providing that there shall be no bill of exception to the judgments rendered on the record proper, such as the citation, petition, answer, etc., a motion for new trial or in arrest of judgment and final judgment, and providing that the court's rulings upon applications for continuance, change of venue, and other incidental motions sought to be complained of as erroneous must be presented in a bill of exceptions signed by the judge and filed and made a part of the record, an order overruling a motion to quash an affidavit in garnishment proceedings could not be considered on appeal without a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬤⇒544.]

2. APPEAL AND ERROR ⬤⇒759—ASSIGNMENTS OF ERROR—CONSIDERATION.

An assignment of error in a brief, which is not a copy of any appearing in the transcript, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ⬤⇒759.]

3. APPEAL AND ERROR ⬤⇒548—ASSIGNMENTS OF ERROR—STATEMENT OF FACTS.

An assignment of error, in that the evidence was insufficient to support the judgment render-

ed, cannot be considered where there is no statement of facts in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ⬤⇒548.]

Appeal from Hunt County Court; Geo. B. Hall, Judge.

Action by G. F. Cooper and another against G. W. Dixon and wife and the Guaranty State Bank of Lone Oak, Tex., as garnishee. Judgment against Dixon and the garnishee, and Dixon and wife appeal. Affirmed.

J. G. Matthews, of Greenville, for appellants. Dinsmore, McMahan & Dinsmore and H. L. Carpenter, all of Greenville, for appellees.

HODGES, J. This suit originated in the justice court in an action wherein G. F. Cooper recovered a judgment against G. W. Dixon for the sum of $108.22 and also a judgment against the Guaranty State Bank of Lone Oak, Tex., as garnishee. An appeal was prosecuted to the county court, where a similar judgment was rendered, from which this appeal is prosecuted by Dixon and his wife.

[1] In both the justice and the county courts a motion was made to quash the affidavit in the garnishment proceedings. The overruling of that motion is the basis of the first assignment of error. The record contains no bill of exceptions as required by the rules, and for that reason the objection will not be considered. Rule 53 (142 S. W. xxi), prescribed by the Supreme Court for district and county courts, is as follows:

"There shall be no bill of exception taken to the judgments of the court rendered upon those matters which at common law constitute the record proper in the case, as the citation, petition, answer, and their supplements and amendments, and motion for new trial or in arrest of judgment and final judgment."

Rule 54 (142 S. W. xxi) refers to the charges of the court. Rule 55 (142 S. W. xxi) is as follows:

"The ruling of the court upon applications for continuance and for change of venue and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions signed by the judge and filed by the clerk, or otherwise made according to the statute and they will thereby become a part of the record of the cause, and not otherwise."

It has been uniformly held that orders overruling motions for continuance will not be considered on appeal in the absence of bills of exception, in accordance with the above-mentioned rule.

[2] The second assignment of error appearing in the brief of the appellant is not a copy of any which appears in the transcript, and for that reason will not be considered.

[3] But even if it were otherwise, it, being based upon a complaint that the evidence was insufficient to support the judgment rendered,

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cannot be considered, because there is no statement of facts in the record.

The judgment of the county court is therefore affirmed.