SEIFERT *v.* BUHL OPTICAL CO.

1. Physicians and Surgeons—Optometry—Injunction—Advertising.

Defendant optical company against whom plaintiff optometrists sought injunctive relief from advertising the prices of glasses or use of words "scientific eye examination included" or words of like effect in its advertisements *held*, estopped to claim that it actually was not practicing optometry where it publicly announced that to be its occupation (2 Comp. Laws 1929, § 6788, subd. h).

2. Same—Optometry—Corporations—Statutes.

Fact that optical company employed only licensed physicians and surgeons to do its optometric work *held*, not to render optometry act inapplicable to corporation which maintained an optometric department in connection with the sale of its merchandise although physicians and surgeons themselves were specifically excepted (2 Comp. Laws 1929, § 6787).

3. Statutes—Title of Act—Optometry—Corporations.

Title of "an act to provide for the examination, regulation, licensing and registration of optometrists practicing optometry, and for the punishment of offenders against this act" *held*, sufficiently broad to embrace provisions within the act prohibiting certain types of advertising by a corporation engaged in optometrical work (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 6788, subd. h).

4. Physicians and Surgeons—Optometry Defined.

Optometry has become a real science devoted to the measurement, accommodation and refractory powers of the eye without the use of drugs; an important profession for preparation of proper practice of which courses in certain sciences and the proper use of special devices are given in universities and colleges; and evidenced as of the most vital importance to the public by statutes for licensing after examination and regulation of practice (2 Comp. Laws 1929, § 6781 *et seq.*).

5. SAME—ADVERTISING—REGULATION.

> Reasonable statutory regulation of advertising involving professional services is proper where, in the absence of such legislation, great evils will follow.

6. SAME — CONSTITUTIONAL LAW — STATUTES — OPTOMETRISTS — LICENSES.

> Objection that statute does not prohibit physicians and unregistered optometrists from advertising is an unreasonable classification and deprives corporation practicing optometry of property without due process of law *held,* without merit since an unregistered optometrist may not legally practice the profession and other statutes already enacted cover matter of advertising by physicians.

7. CONSTITUTIONAL LAW—STATUTES—CLASS LEGISLATION.

> A reasonable classification need not be made to operate with mathematical nicety, and is not unconstitutional because in practice it results in some inequality.

8. APPEAL AND ERROR—INJUNCTION—DISCRETION OF COURT.

> Granting a temporary injunction is an exercise of discretion by the trial court with which the Supreme Court will interfere only upon a showing of palpable abuse.

9. SAME—ABUSE OF DISCRETION—DEFINITION.

> Abuse of discretion, in order to warrant interference by Supreme Court, must be such that upon consideration of facts upon which trial court acted, an unprejudiced person can say there was no justification or excuse for the ruling made.

10. PHYSICIANS AND SURGEONS—OPTOMETRY—ADVERTISING—TEMPORARY INJUNCTION—ABUSE OF DISCRETION.

> Issuance of temporary injunction in suit by several registered optometrists to enjoin an optical company from certain unlawful advertising *held,* not an abuse of discretion where trial court was attempting to preserve *status quo* by providing for plaintiffs' retention of business which might otherwise be lost to defendant through such advertising (2 Comp. Laws 1929, § 6788, subd. h).

11. INJUNCTION—UNFAIR COMPETITION—CRIMINAL PENALTIES.

> Suit may be brought by parties engaged in a profession or business to enjoin unfair trade and practice which would be injurious to their interests; the fact that such practices are punishable by criminal penalties being immaterial.

12. PARTIES—INJUNCTION—OPTOMETRY—MISJOINDER.

 Claim that plaintiff society of optometrists did not allege that its members were optometrists, properly registered, or that it had any property rights involved in suit to enjoin optical company from certain advertising is not considered, since other parties plaintiff properly brought suit and most that can be claimed is a misjoinder of a party.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 4, 1936. (Docket No. 28, Calendar No. 38,932.) Decided September 2, 1936.

Bill by Joseph A. Seifert, Gustave O. Ohlsson, William E. Hipp and Michigan Society of Optometrists, a Michigan nonprofit corporation, against Buhl Optical Company, a Michigan corporation, and another to enjoin certain advertising and other relief. Decree for plaintiffs. Defendant Buhl Optical Company appeals. Affirmed.

*Wilber M. Brucker,* for plaintiffs.

*Beaumont, Smith & Harris,* for defendant Buhl Optical Company.

BUTZEL, J. The three individual plaintiffs as registered optometrists and the Michigan Society of Optometrists, a nonprofit Michigan corporation, on behalf of themselves and duly registered members of their profession filed a bill to enjoin the Buhl Optical Company, a Michigan corporation with its offices at Pittsburgh, Pennsylvania, and one Weinberg from advertising the prices of glasses and from using the statement "scientific eye examination included," or any of like effect in its advertisements. No service was made on Weinberg, the parties stipulating that he was no longer agent of the Buhl Optical Company, herein referred to as defendant.

Plaintiffs claim that defendant violated Act No. 71, § 8, subd. (h), Pub. Acts 1909, as amended (2 Comp. Laws 1929, § 6788), the optometry act of the State of Michigan, which reads as follows:

"It shall be unlawful: * * *

"(h) *For any* person, registered under this act, or any individual, *firm or corporation engaged in the sale of merchandise of any description who maintains or operates,* or who allows to be maintained or operated *in connection with said merchandise business, an optometric department,* or who rents or subleases to any person or persons for the purpose of engaging in the practice of optometry therein, any part of premises in which such person, persons, firm or corporation is engaged in mercantile business, *to publish or circulate, or print or cause to be printed,* by any means whatsoever, *any advertisement* or notice of the optometric department maintained, operated or conducted in said establishment or place of business, *in which said advertisement* or notice *appears, any untruthful, or misleading statement,* or anything calculated or intended to mislead or deceive the public or any individual or *to quote prices of glasses, or to use in such advertisement the statement, 'eyes examined free,' or words of similar import.*"

The court, after issuing an order to show cause and denying a motion to dismiss, issued a temporary injunction notwithstanding the defendant's sworn answer refuting the essential allegations of the bill of complaint. Defendant was thus enjoined from publishing, advertising or publicly stating through newspapers or otherwise, by words or figures or combinations thereof, any language quoting the prices of glasses; from using the statement "eyes examined free," or words of similar import with reference to the quotation of a fixed price for glasses

or in any other connection; from including in their advertisements the words, "scientific eye examination included," or any of similar import with reference to quotation of fixed prices for glasses or in any other connection; from using any. other misleading statement, advertisement or public notice calculated to mislead the public or any individual with reference to the quotation of prices of glasses or free eye examination.

The Buhl Optical Company, as appellant, claims that the bill of complaint is fatally defective and should have been dismissed on motion, as it alleges only that appellant recently opened a store in Detroit and has held itself out as operating a store for the sale of optical goods and maintaining and operating in connection therewith an optical department. Appellant claims that there is no allegation that it was actually practicing optometry, but only that it held itself out to that effect. Having admitted that it held itself out in the manner alleged in the bill, appellant cannot be heard to say that it actually was not practicing what it publicly announced was its occupation.

Appellant further claims that if it employed only licensed physicians and surgeons, the act would not apply to it, because of the proviso in 2 Comp. Laws 1929, § 6787, which states:

"That the provisions of this act shall not be considered or construed to apply to physicians and surgeons duly licensed to practice medicine or surgery."

The Buhl Optical Company is not a physician or surgeon, despite the fact that it may hire only physicians and surgeons to do its optometric work. The injunction is not pointed at a medical doctor, but at a "corporation engaged in the sale of merchandise

\* \* \* who maintains \* \* \* in connection with said merchandise business, an optometric business.''

See *Eisensmith* v. *Buhl Optical Co.,* 115 W. Va. 776 (178 S. W. 695), where the defendant made a futile attempt to circumvent the law by using a physician as a subterfuge.

The title to the act reads:

''An act to provide for the examination, regulation, licensing and registration of optometrists practicing optometry, and for the punishment of offenders against this act.''

It is claimed that this title does not give notice of a prohibition against certain types of advertising by a corporation engaged in optometrical work. While the title may be somewhat inartistically drawn, it is not inarticulate. It does call attention to the regulation of the practice of optometry and for the punishment of offenders against the act. We believe it stands the tests set forth in previous cases. *Pratt Food Co.* v. *Bird,* 148 Mich. 631 (118 Am. St. Rep. 601); *People* v. *Wohlford,* 226 Mich. 166; *People* v. *Carroll,* 274 Mich. 451.

Many minor objections are raised, but we shall only discuss those that have the semblance of merit. The difficulty with appellant's entire position is its belief that optometry is merely an incident to its corporate merchandising business. It overlooks the fact that optometry has become a real science devoted to the measurement, accommodation and refractory powers of the eye without the use of drugs, thus superseding obsolete and archaic methods of fitting eye glasses. It has become one of the important professions and for the preparation of its proper practice, courses in optometry, physics, physiology, pathological conditions of the eye, the proper use of

the retinascope, ophtholometer, ophthamaloscope, refractor, prisms, lenses, etc., are given as part of the curriculum in many of our largest universities as well as colleges specializing in optometry. The legislatures throughout the entire country have recognized that the proper practice of this profession is of the most vital importance to the public and have made due provisions not only for the licensing of optometrists after proper examination, but for regulating the proper practice of the profession.

The advertising of the sale of glasses with optometrical service at a price certain is apt to be used as a lure and bait to the unwary and as a means of deception of those who are attracted by a seemingly low price without considering the degree of skill involved. It tends to promote unfair competition against those skilled in the profession. The "barker" and others who make their livelihood out of human gullibility cannot apply their talents to human eyesight without serious consequences. The legislature undoubtedly had these evils in mind when it adopted the optometry act in its present form. Reasonable statutory regulation of advertising involving professional services is proper where, in the absence of such legislation, great evils will follow. *Laughney* v. *Maybury,* 145 Wash. 146 (259 Pac. 17, 54 A. L. R. 393, and notes).

Appellant further claims that 2 Comp. Laws 1929, § 6788, subd. (h), results in an unreasonable classification and deprives appellant of property without due process of law. The only objection with even a semblance of merit is the claim that the statute does not prevent physicians or unregistered optometrists from advertising that which others in the same class are forbidden. The objection that the prohibition would not apply to unregistered optometrists is not a

fatal one as the act provides other penalties for the failure to register and it is not necessary to make the prohibition against advertising applicable to one who is practicing optometry illegally. Further, the various laws regulating medical advertising might have been deemed sufficient to cover the advertising of physicians practicing optometry. Even if there be some minute discrimination within the class, the classification, having a reasonable basis, does not offend the equal protection or due process clauses ''merely because it is not made with mathematical nicety or because in practice it results in some inequality.'' *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78 (31 Sup. Ct. 337, Ann. Cas. 1912 C, 160); *Naudzius* v. *Lahr,* 253 Mich. 216 (30 N. C. C. A. 179, 74 A. L. R. 1189); *Metropolitan Casualty Ins. Co.* v. *Brownell,* 294 U. S. 580 (55 Sup. Ct. 538).

Defendant maintains that the court erred in granting a temporary injunction, as it interfered with its business and caused a gainful venture to become a losing proposition. The granting of a temporary injunction is discretionary with the trial judge and our court will only interfere upon a showing of palpable abuse thereof. *Furniture Manufacturers Ass'n of Grand Rapids* v. *Grand Rapids Guild of Exhibitors,* 268 Mich. 685. In *Cooper* v. *Carr,* 161 Mich. 405, 412, we defined ''abuse of discretion'' in the following words:

''To warrant such interference (on our part), the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say there was no justification or excuse for the ruling made.''

The trial judge did not abuse his discretion in his attempt to preserve the *status quo* by providing for

plaintiffs' retention of business which they otherwise might lose through defendant's unlawful methods of advertising.

It is further claimed that plaintiffs have not a sufficient property interest in the subject matter so as to entitled them to an injunction and that the process may not be used for the purpose of enjoining a crime. Suit may be brought by parties engaged in a profession or business to enjoin unfair trade and practice which would be injurious to their interests and the fact that such practices are punishable by criminal penalties is immaterial. *Glover* v. *Malloska,* 238 Mich. 216; *Sproat-Temple Theatre Corp.* v. *Colonial Theatrical Enterprises, Inc., ante,* 127.

It is further claimed that plaintiff corporation has not alleged that its members are optometrists, properly registered, or that it has any property rights involved. Even if there were any merit to these claims, at most there would be a misjoinder of a party and the suit is well brought by the other parties against whom no such claims are made.

The order appealed from is affirmed, with costs to plaintiffs.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.