## HIPP *v.* BUHL OPTICAL CO.

1. INJUNCTION—CIRCUMVENTION.

Vigorous use of jurisdiction and processes of court of equity is proper to prevent a continuance of circumvention of practices enjoined by it, accomplished by means of dissolution of domestic corporation and substitution of a nonresident as the real or pretended owner.

2. CONTEMPT—PETITION—AFFIDAVITS—SUFFICIENCY.

Valid order adjudging party in contempt cannot be made unless petition or affidavits upon which order is based set forth the nature and cause of accusations against alleged violators by setting up facts sufficient to constitute contempt as a matter of law.

3. INJUNCTION—AFFIDAVIT FOR ATTACHMENT—SUFFICIENCY.

Affidavit for order of attachment, which sets forth that injunction issued and served on defendants and restraining a nonresident individual, the defendant corporation, and their employees from publishing or advertising any language quoting prices of glasses, using statement "eyes examined free," using any misleading statement with reference to prices of glasses or free examination or maintaining display signs quoting prices or offering free examination, that defendants were found engaged in business of examining eyes, fitting and selling glasses, admitted they were employees of nonresident individual and that after attached illegal advertisements appeared in local newspapers deponent visited the offices and found defendants engaged in business under an assumed name under which nonresident operated *held,* insufficient, where affidavit did not directly or indirectly charge defendants sought to be attached with causing, or participation in causing insertion of illegal advertisements or having knowledge of them (2 Comp. Laws 1929, § 6788).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INJUNCTION—ENFORCEMENT.

Whether or not conduct of business to which illegal advertisements refer, which profits from them or to benefit which they are intended, may be enjoined *held,* unnecessary to decision on appeal from order holding employees of nonresident individual guilty of contempt of court in violating an injunction, where court issuing injunction set up only personal and individual mandates and prohibitions against specific illegal advertisements.

5. INJUNCTION—CONTEMPT—EMPLOYERS AND EMPLOYEES.

Although subterfuges and schemes to violate an injunction will not be tolerated and an employer may be punished for violations by his employees with his knowledge yet an employee may not be held in contempt for an act of his employer in which employee had no participation and in connection with which he had no duty, authority or control.

6. SAME—CONTEMPT—EVIDENCE.

> Defendant employees, charged with violating an injunction relative to illegal advertisements in connection with examining eyes and fitting glasses *held*, not guilty of contempt where evidence does not show that they have done any of the acts specifically prohibited thereby since it was served.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 14, 1937. (Docket No. 62, Calendar No. 39,750.) Decided November 10, 1937.

Bill by William E. Hipp, Joseph A. Seifert, Gustave O. Ohlsson and Michigan Society of Optometrists, a nonprofit Michigan corporation, against Buhl Optical Company, a Pennsylvania corporation, A. L. Coyle and others to restrain certain advertising, for an injunction and other relief. On order to show cause, temporary injunction granted. Attachment proceedings against Samuel H. Kaplan, Gordon R. Knapp, Robert Fulton, Eva Lee Paul, Gertrude Fuller and Amelia Smart for violation of injunction. Defendants found guilty. Defendants appeal. Reversed.

*Clark, Klein, Brucker & Waples* (*Waldo C. Granse*, of counsel), for plaintiffs.

*Harry J. Lippman* (*Leslie D. Bloom*, of counsel), for defendants.

FEAD, C. J. This is review of an order holding defendants guilty of contempt of court in violating an injunction, and imposing penalty therefor.

In *Seifert* v. *Buhl Optical Co.*, 276 Mich. 692, this court sustained a bill of complaint to enjoin the Buhl Optical Company, a Michigan corporation, but conducted from Pittsburgh, Pennsylvania, from violating the optometry act, 2 Comp. Laws 1929, § 6788,

which declares it unlawful for "any person, registered under this act, or any individual, firm or corporation engaged in the sale of merchandise of any description who maintains or operates, * * * an optometric department, * * * to publish or circulate, or print or cause to be printed, by any means whatsoever, any advertisement or notice of the optometric department * * * in which said advertisement or notice appears, * * * or to quote prices of glasses, or to use in such advertisement the statement, 'eyes examined free,' or words of similar import."

Thereafter, the Buhl Optical Company filed notice of dissolution and the business at Detroit was taken over by one A. L. Coyle of Pittsburgh, who continued it under the assumed name of "Buhl Opticians."

March 19, 1937, the present bill of complaint was filed for injunction against Buhl Optical Company, a Pennsylvania corporation, Coyle and their employees. On the same day, a preliminary injunction was issued restraining Buhl Optical Company, Coyle and their employees from publishing or advertising or otherwise publicly proclaiming (1) any language quoting prices of glasses, or (2) using the statement "eyes examined free" or words of similar import, (3) any misleading statement with reference to prices of glasses or free examination and (4) maintaining display signs at the place of business or elsewhere, quoting the price of glasses or offering free examination. The injunction was served on all defendants here but Coyle was not found.

May 11, 1937, plaintiff's attorney filed affidavit for order of attachment. The affidavit alleged:

1. That the injunction had been issued and had been served on defendants;

2. That he had visited the office of Buhl Opticians and had found defendants engaged in its business of examining eyes, fitting and selling glasses;

3. That defendants in their answers to the bill of complaint had admitted that they were employees of Coyle;

4. That attached copies of advertisements were published in newspapers in Detroit;

5. That deponent again visited the offices and found defendants engaged in the business of Buhl Opticians.

The attached advertisements were on dates subsequent to the service of the injunction and offered glasses, lenses and frames for $5, by "Buhl Opticians, Dr. A. L. Coyle, Owner."

Attachment was issued, defendants were taken into custody, released on bail and at a later date full hearing was had at which plaintiffs offered no testimony but defendants took the stand. It was undisputed that Kaplan was manager of the Detroit store and the other defendants were employed therein, Gordon R. Knapp, a physician, in examining eyes, Robert Fulton, in fitting and adjusting and selling glasses, Amelia Smart in dispensing glasses, Gertrude Fuller and Eva Lee Paul in receiving customers at the desk. It also appeared that although, before the service of the injunction, Kaplan had arranged advertising with the newspapers, he had not done so since and that no other defendant had had any connection whatever with the advertisements; that all transactions and communications of the newspapers in regard to the advertising after the issuance of the injunction were had with Coyle at Pittsburgh.

There is no doubt that dissolution of the Buhl Optical Company, a Michigan corporation, and the

substitution of Coyle as real or pretended owner, was a deliberate scheme on the part of the true owner to violate the injunction of the court and the criminal statute. Vigorous use of the jurisdiction and processes of the court is proper to prevent a continuance of such condition.

But the issue before us is whether defendants who are merely employees are guilty of a violation of the injunction served on them.

It will be noted that the affidavit for attachment did not directly or indirectly charge defendants or any of them with having caused or participated in causing the insertion of the illegal advertisements in the newspapers nor with having knowledge of or control over them. Unless defendant's theory of liability, below mentioned, is sound the affidavit was insufficient to authorize an attachment. *Michigan Gas & Electric Co.* v. *City of Dowagiac,* 273 Mich. 153.

Plaintiffs did not present any testimony and did not claim to possess any information that any of the defendants had any part or authority in respect to the illegal advertisements or their publication since the injunction was issued.

Plaintiffs' theory is that enforcement of the injunction necessarily and naturally carries with it prohibition against the conduct of or participation in any business to which the illegal advertisements refer or which profits from them or to benefit which they are intended.

It is not necessary to decide whether the court had jurisdiction to enjoin conduct of the business referred to in the illegal advertisements and declare it outlaw. Here it is sufficient to say that the court did not so enjoin and declare. The injunction strictly follows the statute in setting up only personal and

individual mandates and prohibitions against specific illegal advertisements.

It is true, as contended by plaintiffs, that subterfuges and schemes to violate an injunction will not be tolerated and that employers may be punished for violations by their employees with their knowledge. But no authority has been cited which holds that an employee may be committed to jail for an act of his employer in which he had no participation and in connection with which he had no duty, authority or control. Nor could such a rule be sustained in reason.

Perhaps plaintiffs' remedy is in seeking a broader injunction or statute. In any event, the situation before us is that defendants were specifically enjoined from doing specific acts; the testimony was undisputed that none of the defendants has done any of such prohibited acts since the injunction was served; consequently they were not in contempt of court for violation of the injunction.

The order holding defendants in contempt will be vacated, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.