**SPRINGFIELD (City), Plaintiff-Appellant v. HURST,**
**Defendant-Appellee.**

Ohio Appeals, Second District, Clark County.

No. 441.   Decided December 11, 1943.

Abe Gardner, city solicitor, Springfield, for plaintiff-appellant.

Orville Wear, Springfield; Cole & Hodge, Springfield, for defendant-appellee.

## OPINION

By HORNBECK, J.

The defendant was charged in the Municipal Court of the City of Springfield, Ohio, with advertising the price of eye glasses by displaying the price of said eye glasses and not in conjunction therewith using the words "without lenses", contrary to Section 2 of Ordinance 4217 of said city. Thereafter, defendant moved to quash the affidavit for the reason that it fails to charge him with any offense and that the alleged violation of Section 2 of Ordinance 4217, so far as it attempts to prohibit such advertising, is arbitrary, unreasonable, and unenforcible, and has no relation to the public health, safety or morals, is beyond the police powers of the Commission of the City of Springfield, and is invalid and void. The trial judge considered the motion to quash as a demurrer, sustained it and dismissed the defendant. From this action the appeal on questions of law is prosecuted.

In this Court counsel for appellee place considerable reliance in the case of **Bruns v White, 29 N. P. (N. S.), 403,** considered by this Court on appeal and reported under the same title in **14 Abs 217,** where the judgment of the Common Pleas Court was affirmed. The question there presented was whether or not the State Board of Optometry exceeded its delegated power in promulgating certain rules affecting the practice of optometry and prohibiting an optometrist from having any professional connection with, accepting employment from, or lending his name to any person not duly licensed to practice optometry in the State of Ohio, and holding himself out as offering optometric services or facilities and prohibiting the advertising of any claim which in the opinion of the Board would have a tendency to mislead or deceive the public, or advertise "free examinations" or "examinations included". or similar words or phrases. The extent of the authority reposed in the State Board of Optometry was limited by the terms of

the statute, §1295-31 GC, which power we held to be exceeded by promulgation of the rules under consideration.

In the instant case, unlike the cited case, we treat of the police power of the City of Springfield, which is an attribute of sovereignty as broad as that existing in the State of Ohio itself, and subject only to the constitutional limitation that it shall not adopt or enforce regulations which are in conflict with general laws. **Art. XVIII, §3, Ohio Constitution; Greenburg v Cleveland, 98 Oh St 282—**

"In determining the constitutionality of a statute as measured by the police power, it has been said that the only inquiries essential are:

1. Whether the statute is an unreasonable, arbitrary and oppressive exercise of the police power, and

2. Whether it is reasonably designed to accomplish a purpose falling within the scope of the police power."

**8 O. Jur., 358; Davis v State, 118 Oh St 25, 160 N. E., 473.**

The question is, does the ordinance under consideration bear any reasonable relation to the maintenance or protection of the public health of the citizens of Springfield? If it does, then it is constitutional and valid. The broadest discretion within the above limits is vested in the law-making body, the Commission of the city. Indeed, if we could give consideration to the propriety of enacting the legislation here presented we would have a more difficult problem.

We find no case in Ohio in point, but it is not difficult to determine that there is a reasonable relation between the subject matter of the ordinance and the maintenance of the public health. That the ordinance affects the public health is evident because the care, treatment and attention of the eye, that delicate organ of the human body, medically and surgically, has long been placed with the learned professions of medicine and surgery, and the means of assisting and correcting vision by making, measuring, fitting and adjusting lenses to the eye more lately entrusted to the profession of optometry.

There are two cases cited by counsel for appellant, both of which are relevant and one of which is directly in point with the present case. In Seifert et v Buhl Optical Co. (Sup. Ct., Mich., 1936) 276 Mich. 692, 268 N. W., 784, the court sustained the optometrical act of the State of Michigan which, in part, made it an offense for

"any person registered under the act, or any individual firm or corporation engaged in the sale of mechandise of any description who maintains or operates or who allows to be maintained or operated in connection with said merchandise business an optometric department * * * to print or cause to be printed, * * * any advertisement or notice of the optometric department maintained, operated or conducted in said establishment or place of business, in which said advertisement or notice appears, any untruthful, or misleading statement, * * * **or to quote prices of glasses,** * * *." (Emphasis ours.)

The case directly in point is that of Commonwealth v Ferris, (Supreme Judicial Court of Massachusetts, 1940) 25 N. E. (2d) 378. Here the advertisement in question quoted the price of eye glasses complete which was in conflict with a state statute providing among other things, that

"No person, in connection with the sale of eye glasses, lenses or eye glass frames shall include in any advertisement (b) any statement advertising lenses or complete eye glasses including lenses at a fixed price, * * *."

The defendant was convicted of the violation of the statute and the court sustained the conviction and approved the statute upon the principle that it was a measure enacted in the interest of the public health and unquestioned ground for the exercise of the police power.

Citing Roschen v Ward, 279 U. S., 337, 49 S. Ct., 336 and quoting Holmes, J., in 279 U. S., page 339,

"A statute is not invalid under the constitution because it might have gone farther than it did, or because it may not succeed in bringing about the result it intends to produce."

This latter objection might well be urged to the ordinance in question because it is indeed doubtful if it will bring about the result desired but it cannot be said it has no reasonable tendency so to do.

It is our obligation to support the enactment of a law-making body if it can be done, and there is always a presumption that duly enacted laws are valid. The authorities which we have cited are from courts of last resort,

which rate highly in their judicial pronouncements and are entitled to much weight.

The ordinance in question is not invalid in the particulars asserted.

The judgment of the Municipal Court will, therefore, be reversed and cause remanded for further proceedings. according to law.

BARNES, P. J., and GEIGER, J., concurring.