WALTER C. QUINTARD, TREASURER, *vs.* CHRISTIAN
KNOEDLER AND ANOTHER.

A person is "convicted" of a crime, according to the ordinary use of that
term, when he has been found guilty by a jury or has pleaded guilty,
although there has been no sentence or judgment by the court.

And the word is used in this sense in the act of 1882 (Session Laws 1882,
ch. 107. part 4, sec. 2), which provides for a suit on the bond given by
a person licensed to sell liquor, whenever such person has been con-
victed of a violation of the statute.

[Argued November 3d—decided November 24th, 1885.]

ACTION on a bond given upon a license granted to one of
the defendants to sell liquor, to secure his compliance with
the law; brought by the plaintiff, as treasurer of the county,
to the Court of Common Pleas, and tried to the court be-
fore *Hall, J.* Facts found and judgment rendered for the
plaintiff, and appeal by the defendants. The case is fully
stated in the opinion.

*D. B. Lockwood*, for the appellants.

A verdict of guilty without a judgment is not a convic-
tion. Wharton's Crim. Ev., §§ 489, 609; 1 Greenl. Ev.,
§ 375; 1 Hale P. C., 686; Buller's N. P., 392; *Rex* v.
*Careinion*, 8 East, 77; *Sutton* v. *Bishop*, 4 Burr., 2286;
*Lee* v. *Gansel*, Cowp., 3; *Regina* v. *Ackroyd*, 1 Car. & K.,
158; *Regina* v. *Hinks*, 2 id., 464; *Fitch* v. *Smallbrook*,
Raym., 32; *Cushman* v. *Loker*, 2 Mass., 108; *Com.* v. *Gor-
ham*, 99 Mass., 420; *Smith* v. *Com.*, 14 Serg. & R., 69;
*U. States* v. *Dickinson*, 2 McLean, 325; *Skinner* v. *Perot*,
1 Ashm., 57; *People* v. *Herrick*, 13 Johns., 82; *People* v.
*Whipple*, 9 Cowen, 707; *Pitts* v. *Pitts*, 52 N. York, 593;
*Schiffer* v. *Pruden*, 64 id., 47; *Blanfus* v. *The People*, 69
id., 107; *Dawley* v. *The State*, 4 Ind., 128; *Faunce* v. *The
People*, 51 Ill., 311. The attorney for the state has a right
to nolle a case after verdict and before sentence. *Com.* v.
*Briggs*, 7 Pick., 177; *Com.* v. *Tuck*, 20 id., 366; *Com.* v.

*Jenks*, 1 Gray, 490; *State* v. *Burke*, 38 Maine, 574; *State* v. *Roe*, 12 Verm., 93.

*F. L. Holt*, for the appellee.

LOOMIS, J. The complaint seeks to recover the penalty named in a bond, dated May 28th, 1883, given by Knoedler, one of the defendants, as a licensed liquor dealer, to secure his compliance with the provisions of the act under which his license was granted.

The breach of the bond consisted in the fact, which was established by proper evidence, that, before the Superior Court for Fairfield County, at its February term, 1884, upon proper information and proceedings, Knoedler was found by the jury guilty of keeping open on Sunday a place where it was reputed that intoxicating liquors were sold contrary to the statute. After the verdict the attorney for the state moved that the court pronounce sentence against the defendant, but it was found that he had fled, and thereupon the bond was called and forfeited, but no sentence was pronounced. No appeal or other proceedings have ever been taken to set aside the verdict or for a new trial. In this condition of things the plaintiff, as county treasurer, instituted this suit, pursuant to the provisions of section 2, part 4, of the act of 1882, (Session Laws 1882, p. 181), which is as follows:—"And whenever the person so licensed shall be convicted of a violation of any of the provisions of part six of this act, and no appeal is pending, said bond shall thereupon become forfeited, and the treasurer of said county shall, in his own name, institute suit upon said bond for the benefit of said county, and upon due proof of said conviction the court before which said suit is brought shall render judgment in favor of said treasurer for the entire amount of said bond, with costs."

The only defense was that no sentence was rendered pursuant to the verdict. The question was raised in two ways—by objecting to the record of the Superior Court offered in evidence by the state, and by claiming, after it

was received, that no breach of the bond was shown; but the question for review is one and the same, namely, whether within the meaning of the statute there could be a conviction without a sentence or judgment by the court. The only difficulty in answering this question arises from the fact that the word "conviction" has been sometimes used by courts as including the final judgment of the court, but that such is not the ordinary and usual meaning may be demonstrated by reference to numerous authorities, which, however, we do not deem it necessary particularly to cite. The principles established are well summarized by Bishop in his Treatise on Statutory Crimes, § 348, as follows:—"The word 'conviction' ordinarily signifies the finding of the jury by verdict that the prisoner is guilty. When it is said there has been a conviction, or one is convict, the meaning usually is, not that sentence has been pronounced, but only that the verdict has been rendered. So a plea of guilty by the defendant constitutes a conviction of him. Lord Coke distinguishes thus:—'The difference between a man attainted and convicted is, that a man is said to be convict before he hath judgment; as if a man be convict by confession, verdict or recreancy. And when he hath his judgment upon the verdict, confession or recreancy, or upon outlawry or abjuration, then he is said to be attaint.' Yet the word 'conviction,' when it stands in such a connection with other words as to indicate a *secondary or unusual meaning*, sometimes denotes the final judgment of the court." See also the definition of the word as found in the law dictionaries of Jacobs, Wharton and Burrill.

In *Commonwealth* v. *Lockwood*, 109 Mass., 323, the defendant was tried upon an indictment for cheating by false pretences, and the jury returned a verdict of guilty, but exceptions were taken to the rulings of the presiding judge and no sentence was pronounced. While the exceptions were pending, the governor, with the advice of the council, granted the defendant a pardon. But the constitution of that state commits to the governor and council the pardoning power under this limitation: "but no charter of pardon

Quintard v. Knoedler.

granted by the governor, with the advice of the council, *before conviction*, shall avail the party pleading the same." The accused did not pursue his exceptions, but filed his charter of pardon in bar. To this the district attorney replied that the pardon was null and void under the constitutional provision referred to, in that it had been granted before conviction. The court held, in a very elaborate opinion by GRAY, J., that the term "conviction," as used in the constitution, should be construed in its usual and ordinary sense, and that it did not include the sentence of judgment. It will be observed that the court held the verdict of guilty by the jury a conviction, notwithstanding the pendency of exceptions, which, if pursued, might have set the verdict aside. In our statute the pendency of an appeal is provided for. It prevents a suit on the bond. If this provision has any effect, it would seem to make the reason for the construction we have given stronger rather than weaker, inasmuch as it involves an implication that the omission of such a provision might have made the defendant liable notwithstanding an appeal. There was here not only no appeal, but no possibility of one.

If now we pass from the most approved legal definitions of the term under consideration and seek what light we may from the actual use of the same word in other statutes, we are confident that nothing can be found to militate against the definition assumed. In a large majority of instances where it is used, it manifestly refers to a finding of the party guilty by verdict or plea of guilty, and not to a sentence in addition.

Our conclusion therefore is that the verdict was a conviction, and there being no appeal or ulterior proceedings of any kind pending to set aside the verdict, there was a breach of the bond in suit.

There was no error in the judgment complained of.

In this opinion the other judges concurred.