BREAUX, J.
Relator was charged with “shooting with intent to kill,” on the 24th of July, 1903. His cause was heard. The presiding judge of the Criminal Court, Section B, of the parish of Orleans, sentenced him to imprisonment in the penitentiary at hard labor for two years.
On the day that he was sentenced relator took a suspensive appeal from the judgment and sentence pronounced against him. The record informs us that the transcript of the appeal is on file in the clerk’s office of the Supreme Court.
This court has recently decided that an accused not sentenced to serve at hard labor in the penitentiary or to suffer the extreme penalty of the law is entitled to bail.
State ex rel. Collette, applying for Habeas Corpus, 106 La. 222, 30 South. 746.
Here the accused, we have stated, was sentenced to serve at hard labor in the penitentiary. The decision must yield to the plain provisions of our statute.
The authorities of other states, sometimes persuasive and even convincing, cannot prevail against words of the law not to be misunderstood. True, in this state it was decided in State v. Jones, 3 La. Ann. 14, that a prisoner who has taken an appeal from judgment convicting, him may be • admitted to bail while the case is on appeal. This decision was rendered under section 10 of the statute of the 30th of May, 1846 (Acts 1846, p. 100, No. 125), and article 108 of the Constitution of 1845.
The relator here, in support of his application for the writ of habeas corpus, also cites decisions of the Supreme Court of the United States and of other states.
Returning to the 3 La. Ann. case cited supra, it was unquestionably correct under the laws at the time it was pronounced. The crime with which the defendant stood charged in that case was one which was bailable under the Constitution, and it follows that pending an appeal, under the laws cited above, the accused was entitled to bail, for under the Constitution of that date all per-' sons were entitled to bail by sufficient surety where the offense was bailable; and under the before-cited act the accused could be bailed after conviction, if the offense was bailable, “when an appeal had been granted.”
Taking up again, for a moment, the other decisions before referred to by counsel for relator (pronounced in other jurisdictions), we have no hesitation in stating that under the laws to which reference is made in these decisions an accused is entitled to bail pending his appeal.
But decisions of ancient date under other laws and decisions rendered in other jurisdictions are not authority in opposition to the text of our own law.
The law is so entirely clear that it does not require any or the least interpretation. “In all cases where persons convicted of crime shall be sentenced to death, or to imprisonment at hard labor, it shall be the duty of the sheriff of the court where the sentence has been pronounced, immediately to take the person convicted into custody, and to keep him confined in the parish jail, notwithstanding any appeal or reprieve, until the final action of the Supreme Court on the appeal, or of the Senate on the reprieve.” Rev. St. 1876, § 1007.
The executive officer is ordered to keep the accused confined. This precludes the possibility of admitting him to bail. This article of the law just quoted is not attacked upon any ground whatever. It stands as a positive mandate requiring the accused, *960 in the cases to which it refers, to be kept in custody.
This law was considered in the Oollette Case, supra, and the court held that the act “was doubtless passed in furtherance of article 104 of the Constitution of Ü852, new article 12 of the present Constitution of the State.”
In this, the Collette Case, the court held that an accused not condemned to serve at hard labor was entitled to bail pending his appeal, and by clear inference the court held that an accused sentenced to serve at hard labor or to suffer the extreme penalty of the law was not entitled to bail.
We will add a few words in regard to the meaning of the word “conviction.”
If we had no law upon the subject, our conclusion might be different.
The lawmaking authority has it in its power to provide that the verdict of the jury and sentence of the court shall be considered final in eases before mentioned- This it has done in cases such as the one before us for decision. We cannot do less than accept its clearly expressed provisions as correct, and to add that manifestly “conviction” means, by the cited law, that imposed by the court of the first instance.
For reasons assigned, it is ordered, adjudged, and decreed that the order nisi of this court, which directs the respondents to show cause why the relator should not be accorded the benefit of bail pending the appeal, be recalled, and the order set-aside. It is further ordered, adjudged, and decreed that the demand of the applicant to be admitted to bail be rejected; also relator’s application for the writ of habeas coitus.
His petition is dismissed.