(80 Misc. Rep. 329.)

PEOPLE v. VAN ZILE.

(Supreme Court, Special Term for Motions, Kings County.   April 14, 1913.)

1. WITNESSES (§ 337*)—IMPEACHMENT—TESTIMONY BY ACCUSED.
    Where one accused of crime testified as a witness in his own behalf,
    he thus subjected himself to the same rules which are applicable to
    other witnesses.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1113, 1129–
    1132, 1140–1142, 1146–1148; Dec. Dig. § 337.*]

2. WITNESSES (§ 337*)—IMPEACHMENT—"CONVICTION."
    Where one accused of crime took the stand in his own behalf, and
    testified that he had never before been convicted of crime, the fact that
    he had been indicted and convicted by a jury could not be elicited to
    impeach his credibility, where the conviction had been reversed on ap-
    peal; for the expression "conviction" means a conviction pursuant to
    law, and upon reversal the erroneous conviction became a nullity, and
    accused was restored to the status of an innocent man.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1113, 1129–1132,
    1140–1142, 1146–1148; Dec. Dig. § 337.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1584–1591.]

3. WITNESSES (§ 337*)—IMPEACHMENT OF ACCUSED—CONVICTION OF CRIME.
    While one accused of crime, who takes the stand in his own behalf,
    may be cross-examined as to vicious acts affecting his credibility, yet,
    where it was sought to show that by bribery he secured the dismissal of
    an indictment on which he had once been convicted, the conviction having
    been reversed on appeal, the fact of the previous illegal conviction could
    not be elicited.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1113, 1129–
    1132, 1140–1142, 1146–1148; Dec. Dig. § 337.*]

4. CRIMINAL LAW (§ 1170½*)—APPEAL—HARMLESS ERROR.
    In a criminal prosecution, where accused testified on direct exam-
    ination that he had never been convicted of crime, and on cross-examina-
    tion the state was permitted to bring out that he had been indicted and
    an illegal conviction had been reversed on appeal, the error was not
    cured by a charge that anything that would throw a light on the char-
    acter of the witness is admissible, and this evidence was allowed to meet
    the statement that he had never been convicted, because until reversed
    on appeal there was a judgment of conviction against accused.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3129–3135;
    Dec. Dig. § 1170½.*]

One Van Zile was convicted of attempted bribery of a witness. On
motion for certificate of reasonable doubt. Motion granted.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn, and Harry G. An-
derson, Asst. Dist. Atty., of New York City, for the People.

William H. White, of Brooklyn, for the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KELBY, J. [1] Upon the trial defendant was called in his own behalf and testified as a witness. By thus becoming a witness, the accused "subjected himself to the same rules and was called upon to submit to the same tests which could by law be applied to the other witnesses." Connors v. People, 50 N. Y. 242; People v. Tice, 131 N. Y. 656, 30 N. E. 494, 15 L. R. A. 669. "Logically a defendant who voluntarily testifies in his own behalf occupies a dual position. He is at once a party and a witness, and is entitled to the rights and privileges of each. As a party he need not testify at all. If he deems it prudent to remain silent, no presumption is to be indulged against him. If he prefers to testify, his general character is safe from attack until he puts it in issue by himself introducing evidence relating to it. But when he assumes the character of a witness he exposes himself to the legitimate attacks which may be made upon any witness. Other witnesses may be called to impeach his credibility, by showing that his general reputation for veracity is bad, or he may upon cross-examination be interrogated as to any specific act or thing which may affect his character and tend to show that he is not worthy of belief." People v. Hinksman, 192 N. Y. 421, 85 N. E. 676. This rule of law sufficiently answers many of the grounds of alleged error urged in behalf of the defendant.

[2] In the course of the trial, the question of the previous conviction of defendant came up under the following circumstances: The subject was first introduced by defendant's counsel, Mr. White, at page 150:

"Q. Have you ever been convicted of a crime, Doctor? A. No."

On cross-examination by the learned district attorney, the following appears at page 155 et seq.:

"Q. Now, is it not a fact that you were tried before Judge Cullen on a charge of abortion, and that you were convicted and sentenced to a term in prison?

"Mr. White: That is objected to as immaterial, incompetent, and irrelevant.

"Mr. Warbasse: He said on his own examination he had never been convicted.

"The Court: If he has, that may be put in evidence.

"Mr. White: The district attorney is not fair to the defendant, nor fair to the court. A person can be convicted, a person can appeal, and the conviction can be set aside, and the indictment dismissed, and he is as free as you or I. He does not stand to-day, or any day in the future, convicted of that crime.

"Mr. Warbasse: That is a different thing, I submit.

"Mr. White: It is the same circumstance. It is exactly the history of the case, and you have got it in your hand, in the book, the New York report, the Court of Appeals, and it is unfair.

"Mr. Warbasse: Don't get so excited.

"Mr. White: I am not excited. I have held the position you hold for eight years.

"The Court: You may answer the question.

"Mr. White: Exception."

The reversal of a judgment places the parties where they were before the commencement of the action. Hayden v. Florence Sewing Machine Co., 54 N. Y. 221; People v. McLaughlin, 150 N. Y. 365, at page 376, 44 N. E. 1017. The judgment of conviction against the defendant for the crime of abortion some 20 years ago having been

set aside by the Court of Appeals, there was no conviction against him, and he was justified in answering, as he did, that he had never been convicted of a crime. The word "conviction" in the question means conviction pursuant to law, not illegal·conviction. I think it was prejudicial error for the court to allow the district attorney to show that the accused at one time had been *illegally and wrongfully* convicted of crime. This former conviction (?) could not have been proved in the ordinary way by introducing in evidence a certificate of conviction of defendant. The clerk of the court could have issued no such certificate, because of the fact that the conviction had been annulled.

But it is urged that defendant opened the door to this evidence by reason of his being examined in his own behalf as a witness, and being asked and answering in the negative the question:

"Have you ever been convicted of a crime, Doctor?"

The argument advanced being that:

"Past acts cannot be obliterated, but the legal effect of them can be."

The quotation just made is from the opinion in the case of People v. Price, 53 Hun, 185, 6 N. Y. Supp. 833. In that case it was held that the penalty for a second offense, prescribed by section 688 of the old Penal Code, could not be defeated by showing that defendant was pardoned after such previous conviction. The essential difference between a pardon and a reversal of a judgment is that a pardon is not inconsistent with a conviction in fact and in law; whereas a reversal of a judgment of conviction is not only inconsistent with the conviction, but absolutely nullifies it, and places the accused in the position where he was before the trial, clothed with the presumption of innocence. And so in the case of People v. Carlesi, 154. App. Div. 481, 139 N. Y. Supp. 309, the court said:

"[The pardon] did not obliterate the record of his conviction, or blot out the fact that he had been convicted."

Of course not, because the pardon did not import, as the reversal did, nullification of the judgment of conviction.

[3] Nor was the former trial and the reversal of the judgment a necessary step to show an attempt on the part of the defendant to have the *indictment* in the former action dismissed by improper means. The learned district attorney suggests that the cross-examination complained of was a proper preliminary to the following question, disallowed by the court, as he claims erroneously.

"Q. Is it not a fact that, after the conviction was reversed in the Court of Appeals, you and other men here in Brooklyn, belonging to the Rod and Gun Club—one of those men received $500 from you for using his influence to have that indictment dismissed?"

While it is quite true that the prosecution may show other vicious acts on cross-examination of the defendant as a witness (People v. Irving, 95 N. Y. 541), the unnecessary reference to the void conviction made this question objectionable, and the court properly excluded evidence under it. Questions as to his activities in wrongfully obtain-

ing a dismissal of the indictment would have been proper. They did not need the picturesque introduction by way of an illegal former conviction.

[4] The charge of the court did not cure the error, as I view it. The jury were instructed as follows:

"Anything that will throw light upon the character of a witness, upon his credibility, is, under certain rules, permitted by the court ofttimes to be brought out before a jury, not to prove another and distinct crime, but to aid the jury in weighing the character and the words of a witness. And so, in this case, I have permitted, to meet the statement of the defendant that he had never been convicted, a certain record to be brought before you here of a conviction. The defense has met that by showing, from what is in evidence, a Court of Appeals report, a reversal by the highest court of our state, of that conviction; *but it was to meet the statement that he never was convicted that I permitted the evidence to go in, because, until that was reversed, there was a judgment of conviction against this defendant.* When it was reversed, there was no judgment, and such a charge in the form of judgment ceased to exist."

It thus appears that the court allowed the jury to consider the invalid judgment of conviction against the credibility of the witness, although at the time of trial the judgment of conviction was a nullity. Defendant's counsel then asked the court to charge as follows (page 297):

"That in law a conviction, when set aside by the court, is no longer a conviction."

This the court declined to do, except as already charged. For the reasons hereinbefore stated, I entertain serious doubts as to the correctness of this ruling, and believe it to be prejudicial error. There was thus allowed to remain in the minds of the jury proof that the accused over 20 years ago had been accused of the crime of abortion, had been tried before 12 jurymen, and found guilty as charged. How they could divorce this from their minds in reaching a conclusion on the charge at bar, attempted bribery of a witness in a then pending prosecution for another alleged abortion, it is hard for me to understand.

From the foregoing I therefore determine that there is reasonable doubt whether the judgment should stand, and the application for certificate of reasonable doubt is therefore granted. Settle order on notice.