BOARD OF EDUCATION OF OKLA-HOMA CITY v. STATE BOARD OF EDUCATION et al.

No. 32567. May 16, 1946.

*169 P. 2d 295.*

W. A. Lybrand, of Oklahoma City, for relator.

Mac Q. Williamson, Atty. Gen., and James W. Bounds, Asst. Atty. Gen., for defendants.

WELCH, J. This controversy is occasioned by divergent views of the meaning of Title 70, ch. 21, S.L. 1945, subsection 8 of section 2. Relator asserts that it is entitled to the additional state aid provided thereby for the benefit of its separate schools and calculated by using as a factor the average daily attendance in the separate schools within relator district.

The defendants refused to allocate such additional state aid in view of lack of absolute clarity of the statute, particularly with reference to the restriction of such allowance to districts *which levy and use income from 15 mills.* Defendants' caution in that respect is not wholly unjustified, for great care in the expenditure and disbursement of public funds is to be desired.

We have taken original jurisdiction because of the public interest.

We quote subsection 8 of the cited statute as follows:

"There shall be apportioned to all school districts of the several counties having an assessed valuation of fifty per cent (50%) of the fair cash value of taxable property as computed by the Oklahoma Tax Commission, as provided in subsection 7 (a) above, an additional amount of money equal to Seven Dollars and Fifty Cents ($7.50) multiplied by the total annual school average Daily Attendance record from the latest report of the several county superintendents of the counties of the State, *provided the district levies and uses income from fifteen (15) mills.* Provided, however, that if the total rate of levy herein required is reduced by Journal entry filed before the Court of Tax Review, such reduction shall not prevent the apportionment of aid hereunder and the apportionment of moneys under this subsection shall be made in the same manner and in the same proportion as provided for in subsection 7 (a) above." (Emphasis ours.)

It is the law, as all parties agree, that the income from ad valorem tax levies for the support of separate schools is derived from a county-wide levy for all separate schools within the county. There can be no *district* levy for separate schools. The maximum levy for such purposes cannot exceed 2 mills. It is therefore seen that if the separate schools are to be deemed districts within the meaning of the quoted provisions of the statute, then they are excepted from its operation.

The error on the part of the defendants lies in the fact that there is no such thing in our law as a separate school district. Under our system we have only school districts. Within those districts separate schools are maintained when circumstances warrant. Title 70 O.S. 1941, ch. 15. A consideration of the whole legislation on the subject shows the legislative intent to provide this additional aid as contended by relator. Such intent must prevail. Board

of Commissioners **of Creek County v.** Alexander, 58 Okla. 128, 159 P. 311.

The quoted provision of the "State Aid" Act provides " . . . and additional amount of money . . . to those districts . . ." which levy and use income from 15 mills. Such requirement of a minimum amount of local ad valorem tax levy to entitle a district to receive this additional state aid is fully met by relator district, as it did levy the 15 mills, and there has also been levied for separate schools more than the minimum amount required for such purposes by subdivision 2(a) of section 1 of the act, and which is necessary to qualify for "basic aid" thereunder.

But defendants urge that the statute on this particular subject of finance and state aid specifically provides that the separate schools of the county shall be deemed school districts for the purposes herein considered. They point out that the present act is amendatory only of Title 70, ch. 21, S. L. 1943, and call attention to section 8 thereof as follows:

"In calculating the Minimum Program for the Separate Schools of a county *each separate school may be deemed a school district* by the State Board of Education, provided such Separate Schools cannot be transported to or combined with another Separate School." (Emphasis ours.)

Both acts specify a "minimum program," defining same, and also specify and define "minimum program income." The "minimum program" directs and specifies the facilities and services to be supplied to and for the schools and the amounts to be paid therefor. Section 8 of the 1943 act, quoted supra, is designed to allow the separate schools, with exceptions shown, to come within the provisions of the law relating to the facilities and services and the costs thereof.

Note, however, that such provision relates only to calculation of the "minimum program." It does not provide that such separate schools shall be so considered in calculation of the "minimum

program income." Such omission would seem wholly appropriate and deliberate in view of the status of separate schools and the legislative scheme of both acts.

The acts propose to underwrite by "state aid" a part of the costs of a minimum standard for all public schools therein shown, including the separate schools. That minimum standard is known therein as the "minimum program". They also provide that when such minimum program is met, the cost thereof in excess of the amount raised by the "minimum program income" will be paid by the state. The payment of such excess cost to be by "state aid."

Among the items making up the minimum program income is the requirement that certain minimum local ad valorem tax levies be made, without which the state aid will not be supplied. These requirements of minimum tax levies obviously relate only to those provisions of the acts concerning the minimum program income.

The provisions of subdivision 8 of section 2 of the 1945 act restricting the additional aid to districts levying and using income from 15 mills is clearly a provision relating only to the minimum program income provisions of the acts. It has nothing to do with "calculating the minimum program for the separate schools." The minimum program provided is the same regardless of the amount of the local tax levies. It is only when the question of the method of financing the program is concerned that resort is had to any of the provisions of the acts relating to the millage levy required. Section 8 of the 1943 act, supra, does not authorize the State Board of Education to consider separate schools as separate school districts in considering the minimum program income provisions of the acts, nor were they so considered by the Legislature in providing the requirements of subdivision 8 of section 2 of the 1945 act.

It may be that before a district which has levied the 15 mills may receive this "additional amount of money" for its separate schools and calculated upon the average daily attendance in such separate schools, there must also be shown a minimum levy of 1.3 "as to separate schools" as required by subdivision 2(a) of section 1 of the 1945 act, but we find no need to decide that question here for, if so, it is shown in this case that the separate school levy within the county in which relator district is located is more than such 1.3 mills levy requirement.

Writ granted.

HURST, V.C.J., and RILEY, CORN, DAVISON, and ARNOLD, JJ., concur.