**People of the State of Illinois, Defendant in Error, v. Melvin H. Shook, Plaintiff in Error.**

**Gen. No. 10,570.**

Fourth District.

February 21, 1966.

Rehearing denied March 18, 1966.

Robert C. Walbaum and Jerry S. Rhodes, both of Springfield, for plaintiff in error.

Raymond L. Terrell, State's Attorney of Sangamon County, and Richard A. Hollis, First Assistant State's Attorney, both of Springfield, for defendant in error.

PER CURIAM.

The defendant was convicted of the offense of burglary in a jury trial before the circuit court of Sangamon County. He was sentenced to a term of not less than two years and not more than twenty years. This writ of error is to review that conviction.

Defendant assigns as error the failure of the State to furnish a list of names and addresses of all persons present at the time of an alleged oral confession as required by par 729 of ch 38, Ill Rev Stats 1963. This statute provided that when a person charged with a felony makes an oral confession, names and addresses of the persons present at the time the confession is made shall be furnished to defendant or his counsel. In the absence of compliance the confession is not to be admitted into evidence.

The record in this case shows a written confession and there is no question but that there was compliance with the statutory provisions applicable to the furnishing of a copy thereof, together with a list of witnesses. In addition to the written confession evidence was received, without objection, as to a conversation between the defendant and a police officer in which the defendant admitted to the offense charged or at least stated, "I

can't figure out what made me do it . . . this other fellow talked me into it. . . ."

■ It is the contention of the State that the above-quoted statement is not an oral confession. This assertion is supported by a citation to People v. Arthur, 314 Ill 296, 145 NE 413, which defines a confession as "an acknowledgment of guilt of the crime or of facts which directly and necessarily imply it." It is our judgment that the quoted statement is an oral confession and well within the definition set forth in Arthur. To hold otherwise would be to engage in semantics at the expense of substance.

■ ■ We find no error, however, in its admission under the circumstances of this case. A more specific written confession was in evidence. Thus the oral confession was but cumulative. Further, under the authority of People v. Seno, 23 Ill2d 206, 177 NE2d 843, the failure of the defendant to call the alleged error to the attention of the trial court by appropriate objection constituted a waiver of the statutory requirement. Such error cannot be raised for the first time upon writ of error. See also People v. Sims, 32 Ill2d 591, 208 NE2d 569, and cases there cited.

A more serious question is presented as to the use of a certain record of prior conviction for impeachment. This question arises under a rather unique set of circumstances.

The defendant took the stand on his own behalf and testified on direct examination that he had a prior criminal record and that as to each such prior conviction he had pleaded guilty. He specifically denied ever pleading not guilty and being convicted. No objections were made as to the defendant's relating the circumstances of his prior convictions as distinguished from the fact of prior convictions.

On cross-examination the defendant was questioned about a conviction in Champaign County wherein he was

convicted and had not pleaded guilty. The record of that conviction was received in evidence over objection. On cross-examination and further redirect the defendant testified that he had neither pleaded guilty nor not guilty to the Champaign County burglary charge and that the conviction was obtained in absentia. The record of that conviction so indicated. Efforts by the defendant to establish further details of the conviction and its ultimate result or disposition were successfully resisted by the State.

The briefs before us established that the Champaign County conviction was determined by the Supreme Court to have been void. That conviction was collaterally attacked by a petition for a writ of habeas corpus and in that proceeding the defendant was ultimately ordered discharged by the Supreme Court. It is clear that the action of that court was a determination that the Champaign County conviction was a nullity. 25 Am Jur, Habeas Corpus, sec 13. Clifford v. Pioneer Fire-Proofing Co., 232 Ill 150, 83 NE 448; People ex rel. Hutchinson v. Murphy, 188 Ill 144, 58 NE 984. The record does not indicate that the fact of the habeas corpus proceeding was made known to the trial court nor does the record show that it was known to the prosecution. The record of the Champaign County proceedings, however, does, on its face, show certain irregularities, including the absence of an appearance by the defendant or by counsel at the time of the alleged trial.

Based on the foregoing, it is clear that the record of the Champaign County proceedings was improperly used for purposes of impeachment. Although it has been held that the record of a conviction is admissible for purposes of impeachment even though the defendant was released from custody by means of pardon (Gallagher v. People, 211 Ill 158, 71 NE 842; People v. Lacey, 24 Ill2d 607, 182 NE2d 730), it does not

follow that a void conviction is admissible for purposes of impeachment.

In 24A CJS Criminal Law sec 1908(4), at 1063, it is stated to be reversible error to permit evidence of an erroneous conviction had against an accused which was reversed on appeal. (Citing People v. Van Zile, 80 Misc Rep 329, 141 NYS 168.)

In Campbell v. United States, 176 F2d 45, the court held it to be error to admit evidence of a prior conviction that was being appealed. The reasoning of the court found in that case is here applicable.

■■ We must turn, now, to the more difficult question of determining whether the error requires a reversal. The general rule is stated to be that technical errors or irregularities which do not affect the substantial rights of the accused must be disregarded on review, particularly where guilt appears from the record to be clearly established. Whether the error in a given case shall be regarded as harmless may depend on the circumstances of the particular case, as well as the prejudicial character of the alleged error in its relation to the entire case. Here, as we view the record, the judgment of conviction is correct on the merits and no other judgment could reasonably have been returned, and it cannot be said that the erroneous admission of the Champaign County conviction materially affected the jury verdict. 24A CJS Criminal Law, sec 1887. See also People v. Squires, 27 Ill2d 518, 190 NE2d 361. In this case there is a written and an oral confession, and in our view the evidence is not close. See 15 ILP, Criminal Law, sec 921, at page 379, and cases there cited. A different result might well obtain with reference to such an error in a case where the evidence is more closely in balance and where the erroneous evidence of the prior conviction is the sole evidence of a criminal record and not just cumulative as here or where it might be said

that the prosecution offered the evidence with knowledge that the conviction was void.

For the reasons stated, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.