WORKMEN'S COMPENSATION
An unincorporated area which forms and incorporates a charitable corporation for the purpose of providing either a volunteer or full time fire department is subject to the provisions of the Workmen's Compensation Act which require that such insurance be carried for the protection from injury in hazardous employment of employee members of the volunteer fire department. A charitable corporation formed in an unincorporated area for the purpose of providing either a volunteer or full time fire department is considered an agency of the State of Oklahoma pursuant to 18 O.S. 594 [18-594] (1971) and is specifically exempted from liability in tort for the acts of its members or its firemen under the provisions of the Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1971) and 18 O.S. 594 [18-594] (1971). The Attorney General is in receipt of your letter wherein you ask, in effect, the following question: "Are the members of a volunteer fire department, incorporated under 18 O.S. 592 [18-592] and 18 O.S. 593 [18-593] providing fire protection for the unincorporated area of Canadian Shores, Oklahoma, included under the protection of the new Workmen's Compensation law, 85 O.S. 1 [85-1] et seq. (1978), and the new Political Subdivision Tort Claims Act, found at 51 O.S. 151 [51-151] et seq. (1978)? Authority for the formation of a volunteer fire department, with which we are here concerned, is found at 18 O.S. 592 [18-592] and 18 O.S. 593 [18-593] (1971). 18 O.S. 592 [18-592] reads in part as follows: "Fire Departments for Unincorporated Areas — Incorporation. — The authority of persons associated together to become incorporated as a benevolent or charitable corporation for the purpose of providing . . . a volunteer . . . fire department for an unincorporated area . . . is hereby ratified and confirmed. Such a corporate fire department shall have authority to provide fire protective service . . . either within or without the unincorporated area wherein it is situated." 18 O.S. 594 [18-594] establishes that such benevolent corporation holds the status of state agency and provides further in part as follows: "Any benevolent or charitable corporation formed in an un incorporated area for the purpose of providing . . . a volunteer . fire department . . . shall be considered an agency of the State of Oklahoma while actually performing the function of providing fire protective services . . . and while so engaged such corporation shall not be liable in tort for the acts of its members or its firemen." (Emphasis added) Effective July 1, 1978 the amended Workmen's Compensation law went into effect. Section 2b of that Act reads in pertinent part as follows: "Coverage for Certain State Employees A. All departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, shall carry Workmen's Compensation Insurance on each employee, whether engaged in a governmental or a proprietary function, as of July 1, 1978. . ." Under 85 O.S. 2.1 [85-2.1] effective July 1, 1978 it should be noted that volunteer firefighters are not enumerated as employees excluded from operation of the Workmen's Compensation Act. Section 3 of the Workmen's Compensation Act, establishes the definition of all essential terms used therein. Under the definition of employer, it would appear that the instant corporate employer of the voluntary fire department would be included under the following wording: "`Employer', except when otherwise expressly stated, means a person, partnership, association or corporation, . . . departments, instrumentalities and institutions of this state and divisions thereof . . . employing a person included within the term `employee' as herein defined." Subdivision 4 of Section 3 specifically includes a volunteer firefighter within the definition of employee as follows ". . . `Employee' shall also include . . . any authorized voluntary or uncompensated worker, rendering services as a firefighter . . . (Emphasis added) . Further under subsection 5 of Section 3 it is clear that the volunteer firefighter is included within the definition of employment as contemplated in the Workmen's Compensation Act. That section reads in part as follows: "`Employment' includes work or labor in a trade, business, occupation or activity carried on by an employer for pecuniary gain or any authorized voluntary . . . worker rendering services as a firefighter . . ." (Emphasis added). The wording of the Act, as well, clearly appears to include members of fire departments within hazardous employment as defined under the Workmen's Compensation Act though it narrows the definition to include fire departments of incorporated municipalities. Title 85 O.S. 2 [85-2] (1978) reads in pertinent part as follows: "A. Compensation provided for in the Workers' Compensation Act shall be payable for injuries sustained by employees engaged in the following hazardous employments to wit: . . . while engaged in a hazardous employment at time of injury, . . . members of . . . fire departments, of any incorporated city or town, . . ." Section 2 reads further at subpart B.(1) as follows: "B. For purposes of this Section: `Hazardous employment' shall mean manual or mechanical work or labor connected with or incident to one of the . . . occupations . . . mentioned in this section, . . ." Though Section 2(a) is inconsistent with all other sections which indicate that a volunteer firefighter employed by a private corporation for an unincorporated area is included under the provisions of the Workmen's Compensation Act, it is our opinion that it does not change the clear intent of the statute to broadly include those employees and employers who fall within the perimeters of the definitions therein. It is, further, a cardinal rule of construction of statutes that when the intention of the legislature can be clearly ascertained, then all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole. Board of Education of Oklahoma City v. State Board of Education, 197 Okl. 141,169 P.2d 295 (1946). Therefore, a plain reading of the provisions of the Workmen's Compensation Act as a whole indicate Legislative intent to include under the coverage of the Workmen's Compensation Act, volunteer firefighters of an incorporated area for injuries sustained by them in the course of their employment. Regarding your second question the legislative history of the Political Subdivisions Tort Claims Act, is relevant to resolution of your question. The Governmental Tort Liability Act, 11 O.S. 23-101 [11-23-101] et seq. (1978), was the forerunner of the act in question and was enacted in the 1977 session of the Legislature, effective July 1, 1978. In that act, only 11 O.S. 23-201 [11-23-201] — 11 O.S. 23-213 [11-23-213] included mention of state agencies within the definition of terms therein. However, 11 O.S. 23-201 [11-23-201] — 11 O.S. 23-213 [11-23-213] were specifically repealed in the 1978 session of the Legislature effective July 1, 1978. In that same session, the Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1978), was enacted effective, too, on July 1, 1978. In that Act, "political subdivision" was specifically defined to include an incorporated city, or town, a school district, a county including all their institutions, instrumentalities or agencies and not agencies of the state. Based upon the above discussion, the intention of the Legislature to exempt state agencies from operation of the tort liability act becomes clear. Clearly the Act requires incorporated municipalities to provide liability insurance in a specified amount to compensate persons for bodily injury or property damage proximately caused by the negligent acts of a member of a regular or volunteer fire department while in the performance of his duties; however, it has no application to an unincorporated area defined as a state agency. Therefore, the charitable corporation acting as employer of the volunteer fire department holding the status of state agency pursuant to statutory provision would not be subject to the provisions of the Political Subdivision Tort Claims Act. Since there has not been a later enactment inconsistent with or superseding the provisions of 18 O.S. 594 [18-594] (1971), which specifically exempt a charitable corporation of an unincorporated area from liability for the tort of its firefighters, the instant employer corporation would continue to be shielded from tort claims based on the injuries to persons proximately caused by the negligent acts of its volunteer firefighter-employees. It is, therefore, the opinion of the Attorney General that your question be answered as follows: An unincorporated area which forms and incorporates a charitable corporation for the purpose of providing either a volunteer or full time fire department is subject to the provisions of the Workmen's Compensation Act which require that such insurance be carried for the protection from injury in hazardous employment of employee members of the volunteer fire department. A charitable corporation formed in an unincorporated area for the purpose of providing either a volunteer or full time fire department is considered an agency of the State of Oklahoma pursuant to 18 O.S. 594 [18-594] (1971) and is specifically exempted from liability in tort for the acts of its members or its firemen under the provisions of the Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1971) and 18 O.S. 594 [18-594] (1971). (CATHERINE GATCHELL NAIFEH) (ksg)