**The STATE of Oklahoma, Appellee,**

v.

**Malcolm Edward BRIDWELL, M. D., Appellant.**

**No. 51138.**

Supreme Court of Oklahoma.

March 20, 1979.

Larry Derryberry, Atty. Gen. of Oklahoma, and Karen Kay Kennedy, Asst. Atty. Gen., for appellee.

D. C. Thomas and C. Merle Gile, Oklahoma City, for appellant.

HODGES, Justice.

This is an appeal by Malcolm Edward Bridwell, M.D., appellant, from the license revocation order entered by the State Board of Medical Examiners. The order revoking the appellant's medical license was based on a finding that appellant was guilty of unprofessional conduct pursuant to 59 O.S. Supp.1973 § 509(6), (8)[1] because he was found guilty by a federal court jury of having violated the narcotics laws of the United States of America.[2]

## I

The appellant alleges that service of the citation and complaint was improper. The basis of appellant's allegation is premised upon 59 O.S.1971 § 504[3] and 12 O.S.Supp. 1972 § 158. Section 504 provides that all citations and summons should be served in accordance with the Oklahoma Statutes. Title 12 O.S.Supp.1972 § 158[4] provides that

---

1. Although the Board cites the violation of the Oklahoma Medical Practice Act as 59 O.S.1971 § 509(6), (8), it actually refers to 59 O.S.Supp. 1973 § 509(6), (8) which defines the unprofessional conduct of appellant which formed the basis of the complaint against appellant as:

 "(6) Conviction of a felony or of any offense involving moral turpitude."

 "(8) Conviction or confession of a crime involving the violation of the anti-narcotic or prohibition laws and regulations of the federal government or the Board of Health laws and regulations of the State of Oklahoma."

2. Appellant was convicted of violations of 21 U.S.C. §§ 846, 841(a)(1), 842(a)(5), conspiracy to distribute controlled substances, distribution, and being a registered dispenser of controlled substances.

3. It is provided by 59 O.S.1971 § 504 that:
 "All citations and subpoenas, under the contemplation of this Act, shall be served in general accordance with the Statutes of the State of Oklahoma then in force applying to the service of such documents, and all provisions of the statutes of the State then in force, relating to citations and subpoenas, are hereby made applicable to the citations and subpoenas herein provided for." . . .

4. Title 12 O.S.Supp.1972 § 158 provides in pertinent part:
 "The summons shall be served by the officer to whom it is delivered who shall endorse on the original writ the time and manner of service. It may also be served by any responsible citizen of the county not a party to or interested in the action, appointed by the officer to whom the summons is directed or by the court in which the action is brought."
 . . . .

a summons may not be served by a party to, or interested in, the action.[5] The appellant asserts that because Ms. Smith, Inspector for the Board of Medical Examiners, initiated the complaint and then served the citation on the appellant the service was unlawful under § 158.

■ We agree with the appellee that the Administrative Procedures Act [APA], 75 O.S.1971 §§ 301, *et seq.*, controls the procedure of service in this case. The State Board of Medical Examiners meets the definition of agency under the Administrative Procedures Act.[6] Title 75 O.S.1971 § 314[7] of the APA provides that the agency must give notice and that such notice may be by mail. It does not mandate any specific person or official to serve the notice. The APA is within the purview of 59 O.S.1971 § 504. The appellant's contention of unlawful service is rejected, and the Medical Board's decision as to this allegation of error is affirmed.

## II·

The appellant also alleges that his conviction is not final because: 1) the case is pending on appeal; 2) his license should not have been revoked until he had exhausted all appeals; and 3) the highest court whose decision is invoked must first uphold the decision of the trial court. The question presented is whether the term "conviction" as utilized in 59 O.S.Supp.1973 § 509(6), (8) means the conviction must be final and all appeals exhausted prior to revocation or suspension of a medical license.

The authorities construing the term "conviction" reflect a wide area of conflict. There are several jurisdictions which support the view that conviction means exhaustion of procedures for appeal.[8] The decision in *Summerour v. Cartrett, 220 Ga. 31, 136 S.E.2d 724 (1964),* held the word "conviction" meant the conviction must be final, and there can be no finality as long as the judgment is subject to being set aside. This decision revolved around a statutory provision barring persons convicted of certain crimes from holding office. A very similar fact situation was answered by this Court in *Board of County Commissioners of Oklahoma County v. Litton, 315 P.2d 239, 242 (Okl.1957).* The Court said:

"[A] judgment is not final in the sense that it is conclusive upon the parties until the highest court whose decision is invoked by either party upholds the decision of the trial court."

The Sixth Circuit has held that an exhaustion of procedures for appeal is necessary before an alien has been convicted of a narcotics offense under a statute providing

5. See *White Stag Manufacturing Co. v. Mace, 556 P.2d 997 (Okl.1976).*
 It should be noted an authorized licensed process server may be utilized in counties with a population of three hundred thousand pursuant to 12 O.S.Supp.1976 § 158.1.

6. It is provided by 75 O.S.1971 § 301:
 "(1) 'Agency' means any state board, commission, department, authority, bureau or officer authorized by the constitution or statutes to make rules or to formulate orders . . . ."
 There are a number of exceptions listed thereafter but none under which the State Board of Medical Examiners would fall.

7. It is provided by 75 O.S.1971 § 314:
 "(c) No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined."

8. E. g., *Board of County Commissioners of Oklahoma County v. Litton, 315 P.2d 239 (Okl. 1957); Summerour v. Cartrett, 220 Ga. 31, 136 S.E.2d 724 (1964); Sportservice Corp. v. Dept. of Public Safety, 293 So.2d 530 (La.App.1974); Aguilera-Enriquez v. Immigration & Naturalization Service, 516 F.2d 565 (6th Cir. 1975); People v. Van Zile, 80 Misc. 329, 141 N.Y.S. 168 (1913).*

for deportation of aliens convicted of narcotics offenses.[9]

The conflicting decisions provide that conviction means an adjudication of guilt in the court of first instance.[10] The Oklahoma decision of *Ex parte White, 28 Okl.Cr. 180, 230 P. 522 (1924),* held that the term "conviction" in the Oklahoma Constitution relating to pardons and paroles means the final judgment, upon a verdict of guilty, of the trial court. The decision of *Quintard v. Knoedler, 53 Conn. 485, 2 A. 752 (1885),* held that a party is determined to be convicted immediately after a verdict of guilty, though there may be proceedings on appeal still pending. The State of Indiana has held there is a conviction of a crime after judgment and execution thereof so that a judge convicted of a crime may be removed, notwithstanding his appeal.[11]

Out of such conflicting decisions it becomes clear that the term "conviction" cannot be given a precise definition.[12] Its meaning must be derived from the intention of the legislature as disclosed by the provisions of the statute.[13] It may be final for one purpose and not for another.[14]

To discover the purpose and intent of the legislature we must examine the statutes. Section 503 authorizes the Medical Board to suspend or revoke a practitioner's license for unprofessional conduct and § 506 gives the Board discretion in deciding the discipline, if any. Section 509 defines unprofessional conduct.[15] Section 513 further develops the required procedures for revocation or suspension because of conviction. Section 513 defines the procedure for revocation, makes revocation or suspension mandatory, and adds a phrase that states the conviction must be final.[16]

The appellee claims that § 513 represents an entirely different ground for revocation by the Medical Board. Under this view, § 513 and § 509 are unrelated except as two separate grounds for revocation. This means that the Board has two choices when a physician is convicted of a felony: (1) Bring revocation proceedings under § 503 for unprofessional conduct as defined in § 509 or, (2) Bring the proceedings under § 513 as a final conviction of a felony. Appellee contends that the present proceeding was initiated under § 503 and § 509 which thereby escapes the language in § 513 indicating the conviction must be final.

The appellant contended in the Medical Board proceeding that § 513 modifies and explains the difference in procedure when charged with § 509(6), (8) instead of the other definitions of unprofessional conduct. Title 59 O.S.1971 § 505 provides that the Board is to sit as a trial body and make decisions on the merits of the case. There was no determination on the merits by the Board in this case. Instead, the Board relied upon the criminal trial court's decision by accepting a certified copy of the judgment. The only applicable section in which

---

9. *Aguilera-Enriquez v. Immigration & Naturalization Service, 516 F.2d 565 (6th Cir. 1975).*

10. *Ex parte White, 28 Okl.Cr. 180, 230 P. 522 (1924); State v. Redman, 183 Ind. 332, 109 N.E. 184 (1915); State v. Williams, 110 La. 957, 35 So. 140 (1903); Quintard v. Knoedler, 53 Conn. 485, 2 A. 752 (1885).*

11. *State v. Redman, 183 Ind. 332, 109 N.E. 184 (1915).*

12. *Maguire v. Fulton, 179 N.W.2d 508 (Iowa 1970).*

13. *Id.*

14. *Id.; U. S. v. Cody, 529 F.2d 564 (8th Cir. 1976).*

15. 59 O.S.Supp.1973 § 509:

"(6) Conviction of a felony or of any offense involving moral turpitude.
(8) Conviction or confession of a crime involving the violation of the anti-narcotic or prohibition laws and regulations of the federal government or the Board of Health laws and regulations of the State of Oklahoma."

16. 59 O.S.1971 § 513:

"The license of any physician and/or surgeon who has been convicted of any felony . . . and which such conviction shall become final, shall be suspended or revoked . . . upon the submission thereto of a certified copy of the judgment and sentence of the trial court and the certificate of the clerk of said court that said conviction has become final; . . . "

the Board is given the procedure of receiving a certificate of conviction from the criminal court is § 513 which indicates an inconsistency in appellee's position. Another consideration is that if conviction of a felony or a violation of the drug laws is a ground for revocation as unprofessional conduct under § 509, what was to be the purpose of § 513 except to show the difference between "convictions" as unprofessional conduct and the other definitions of unprofessional conduct. After close scrutiny and following the rule of statutory interpretation that the statute be read as a whole [17] we find there is no other purpose.

This Court recognizes the considerable interest that both the medical profession and state have in protecting people from unprofessional and morally corrupt physicians. We also realize that the trial court conviction, at the very least, places doubt on the innocence of the appellant. The trial court conviction should certainly sustain a statutory provision, as is the rule in proceedings against legal practitioners, of suspending a physician until the outcome of the appeal.[18] However, there is no similar provision dealing with the medical profession applicable under the present cases.[19]

Comparatively, we must give great consideration to the substantial interest that a physician has in practicing his profession.

The license to practice a profession is at least a property interest and deserves appropriate protection.[20] "The right to practice one's profession is sufficiently precious to surround it with a panoply of legal protection." [21]

■ The legislature in 59 O.S.1971 § 513 apparently intended to strike a balancing point between the interests of the state's protective rights and the interest of the physician's right to practice. That balance is that a conviction must be final in the sense that all rights to appeal are exhausted before a physician's license may be revoked.

■ We hold that § 513 is not a separate ground for revocation but explains the procedure which must be followed by the Board when revocation is based upon conviction of a felony [22] or conviction of violating anti-narcotic or prohibition laws.[23] The required procedure is that the Board must obtain a certified copy of the trial court's judgment and sentence and the court clerk's certificate that the conviction is final. "Final", as used in this provision, means that time at which all remedies for direct appeals are exhausted.

■ This Court's construction of the statute reveals that the Board has two options when proceeding against one convict-

17. *Board of Education of Oklahoma City v. State Board of Education, 197 Okl. 141, 169 P.2d 295 (1946); Richards v. U. S., 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).*

18. 5 O.S.Supp.1977, Ch. 1, App. 1, OBA Rules, Art. X, § 4.

19. Under the APA, the Board has the authority pursuant to 75 O.S.1971 § 314, if it finds that public health safety or welfare imperatively requires *emergency* action and incorporates a finding to that effect in its order, summary suspension may be ordered *pending* proceedings for revocation. However, the proceedings must be promptly instituted and determined. The extensive span of time involved in the appeal process illustrates that compliance with the requirement of prompt institution and determination would rarely be possible in appeal situations. Additionally, the Board has neither found that an emergency exists nor incorporated any such finding in its order.

20. See *Whittle v. State Board of Psychologists, 483 P.2d 328, 329 (Okl.1971); Ezell v. Ritholz, 188 S.C. 39, 198 S.E. 419 (1938); Seifert v. Buhl Optical Co., 276 Mich. 692, 268 N.W. 784 (1936); Schireson v. Walsh, 354 Ill. 40, 187 N.E. 921 (1933); Meffert v. State Board of Medical Registration, 66 Kan. 710, 72 P. 247 (1903).*

21. *Yakov v. Board of Medical Examiners, 68 Cal.2d 67, 64 Cal.Rptr. 785, 791, 435 P.2d 553, 559 (1968).*

22. 59 O.S.Supp.1973 § 509:
 (6) Conviction of a felony or of any offense involving moral turpitude.

23. 59 O.S.Supp.1973 § 509:
 (8) Conviction or confession of a crime involving the violation of the anti-narcotic or prohibition laws and regulations of the federal government or the Board of Health laws and regulations of the State of Oklahoma.

ed of a felony involving moral turpitude or a narcotics violation.[24] First, the Board may follow the procedures under § 513 as outlined by this Court. Second, the Board may sit as an adjudicative body and determine on the merits whether the accused is guilty of any other conduct proscribed in § 509 as unprofessional. Because the hearing and possible grounds for revocation would not be based upon the accused's conviction, the Board would not have to wait until the conviction became final.

 The Board failed to follow either procedure and the revocation of appellant's license was improper. The Board relied solely upon the appellant's trial court conviction and that reliance is inapplicable until the conviction has become final when the appellant exhausts his right to appeal. However, upon remand the Board still has both options available. The Board may wait until appellant's conviction has become final as defined by this Court; or, the Board may properly decide to hear the case against appellant on the merits. Because the Board cannot "convict" the appellant of a felony or violation of anti-narcotic laws, the grounds for revocation or suspension must be unprofessional conduct as defined in § 509.

A finding that appellant is guilty of proscribed conduct in § 509 empowers the Board to either suspend or revoke the appellant's license.[25] Assuming that this determination is procedurally and evidentially sound, a reversal of appellant's trial court conviction on appeal will not disturb the revocation or suspension resulting from the Board's hearing. The revocation would be based upon grounds other than appellant's trial court conviction, thus the subsequent reversal would not affect the validity of the revocation.

If appellant's conviction is not reversed, but instead becomes final, revocation or suspension of appellant's license is then mandatory under the described procedures of § 513. This revocation is mandatory regardless of any result reached by the Board in a prior hearing determining other possible violations arising out of appellant's conduct.

The Board's decision is reversed as to this allegation of error and remanded for proceedings consistent with this decision.

All the Justices concur.

---

**24.** When the conviction is for a felony not involving moral turpitude or violation of anti-narcotic laws, there is no such option. The revocation must be on the merits of the case as provided in 59 O.S.1971 § 513:

"Provided that the revocation of the license of any person convicted of a felony or any other grounds than that of moral turpitude or the violation of the Federal or State Narcotic Laws, shall be on the merits of the particular case, but the Court records in the trial of such case when conviction has been had shall be prima facie evidence of the conviction."

**25.** 59 O.S.1971 § 506.